LOIS ADAMS *v.* CITY OF NEW HAVEN ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 21, 1944—decided January 25, 1945.

*Charles Albom,* with whom, on the brief, was *David E. FitzGerald, Jr.,* for the appellants (defendants).

*Alexander Winnick,* for the appellee (plaintiff).

BROWN, J. This action was brought by the seven-year-old plaintiff to recover for personal injuries alleged to have been sustained by reason of the negligent operation of the defendant city's automobile by the defendant O'Hare as its agent. On June 27, 1943, the right foot of the plaintiff, who had been playing with other children on the easterly sidewalk of Newhall Street in New Haven, was injured by the car as O'Hare, driving in a northerly direction, was attempting to park it close to the easterly curb. The plaintiff claimed that, as she was standing still facing south with her right foot on the sidewalk close to the curb, the right front wheel of the approaching car mounted the curb onto the sidewalk and ran over her foot. The defendants claimed that, as the car approached, O'Hare, having slowed down to about five

miles an hour, was continuing at this speed, traveling very close to the curb, when the plaintiff suddenly ran from the adjacent sidewalk towards the car; that he immediately applied his brakes and came to a dead stop almost at once; that, the plaintiff's foot having slipped off of the curb, his front wheel jammed her foot against it; and that the wheel at no time left the gutter. The jury rendered a verdict for the plaintiff upon which judgment entered.

Upon their appeal, the defendants' first contention is that the court erred in failing to charge the jury upon the doctrine of sudden emergency as affecting the driver's duty of due care. "In determining whether conduct is negligent toward another, the fact that the actor is confronted with a sudden emergency not caused by his own tortious conduct which requires rapid decision is a factor in determining the reasonable character of his choice of action." Restatement, 2 Torts, § 296. The application of this doctrine where the factual situation was one which warranted it has been repeatedly approved by decisions of this court. See *Riley* v. *Connecticut Co.,* 129 Conn. 554, 559, 29 Atl. (2d) 759, and cases cited. The question here is whether, under the claims of proof, the defendants were entitled to the benefit of it. As is pointed out in comment b of the section quoted, a fact essential to justify its application, as related to this case, is that the defendant driver was in a position where he had to make a speedy decision between alternative courses of action and therefore had no time to make an accurate forecast as to the effect of his choice. As this indicates, the doctrine applies only with regard to care used after the emergency arises. The facts as claimed by the plaintiff did not present any emergency, and, as claimed by the defendants, contained no suggestion that O'Hare did not do everything he should or could

have done after the emergency arose. Therefore, upon the case presented, there was no occasion to charge as to emergency and the court did not err in failing to do so.

The complaint alleged that as a result of the accident the skin of the entire dorsum of the plaintiff's right foot had been scraped away, causing pain, suffering, expense for doctors, treatment and medicines, and that the injuries might prove permanent and leave her foot permanently scarred. The court instructed the jury that they might properly include in any award of damage to the plaintiff such sum as would in their sound judgment compensate for these several elements. Then, after enumerating as items of medical expense two doctors' and an x-ray bill which had been incurred, the court continued: ". . . and there has been testimony as to the desirability or the advisability of a skin graft in an attempt to eliminate the scar which is at present in evidence on the plaintiff's right foot." Error is assigned in the instruction quoted because "the evidence presented no issue for the jury as to the advisability, desirability or necessity of an excision of plaintiff's scar." The relevant claims of proof by the plaintiff contained in the finding as corrected are that at the time of trial she walked with a slight limp, due to her consciousness of the injury together with tenderness of the foot, especially when wearing a shoe; that an excision of the scar by a fresh skin graft would tend to make the scar less tender; that the limp may last for a year; and that excision of the scar could be required for cosmetic reasons.

The plaintiff would not be entitled to recover the expense of an operation to remove the scar unless it was reasonably necessary either to a complete recovery or for "cosmetic" reasons. *Johnson* v. *Connecticut*

*Co.*, 85 Conn. 438, 441, 83 Atl. 530; *Grzybowski* v. *Connecticut Co.*, 116 Conn. 292, 294, 164 Atl. 632. Tested by this rule, the plaintiff's claims of proof were insufficient to entitle her to the expense of a prospective operation, and the court was in error in suggesting that this was a permissible element of damage. Its charge quoted above was furthermore erroneous in leaving it to the jury to award damages for the operation without any instruction as to a finding by them that it would probably be necessary. The plaintiff's undisputed claim was that the reasonable cost of such an operation would be about $300. Since the erroneous instruction pertained solely to the issue of damages, and the error in the plaintiff's favor could not have exceeded $300, a remittitur will be ordered in that amount. See *Rode* v. *Adley Express Co., Inc.*, 130 Conn. 274, 283, 33 Atl. (2d) 329.

During oral argument in this court, in response to a question from the bench as to why the city was joined as a defendant when its participation had apparently been limited to the discharge of a governmental duty, counsel for the plaintiff stated that he had included the city as a party because O'Hare was its employee and it is insured against liability, and that accordingly no question of governmental immunity had been raised. While the question of the legality of the course so suggested to have been followed by the city is not before us upon this record, we again question, as we did in *Lambert* v. *New Haven,* 129 Conn. 647, 649, 30 Atl. (2d) 923, the propriety of such conduct by those officers of the city who are responsible for it.

There is error, the judgment is set aside and a new trial is ordered unless the plaintiff within three weeks from the time she receives notice of the decision of this court shall file in the office of the clerk of the Superior Court a remittitur of $300 of the amount of the

verdict; but if such remittitur shall be filed judgment shall thereupon, as to the residue, be entered upon the verdict; the costs of this appeal to be taxed to the plaintiff in either event.

In this opinion the other judges concurred.