## Florence Stitham *v.* Charles LeWare

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued May 4—decided June 30, 1948

*James J. A. Daly,* with whom, on the brief, was *Joseph G. Shapiro,* for the appellant (defendant).

*Irwin E. Friedman,* with whom were *Arthur Levy, Jr.,* and, on the brief, *Samuel E. Friedman,* for the appellee (plaintiff).

ELLS, J. This negligence action involved a collision between two automobiles and resulted in a plaintiff's verdict. The defendant has appealed from the refusal to set it aside and from the judgment.

The collision occurred at the intersection of a public highway in Newtown and a private driveway leading from the plaintiff's home, which is located easterly of the street. The paved road was substantially twenty-eight feet wide and had no shoulder along its easterly edge, but there was a gutter five or six inches in width at the junction of the driveway and the street. The defendant states in his brief that his claim of error as to the court's refusal to set the verdict aside rests upon a "crucial factual dispute . . . whether the plaintiff's sedan was stopped or in motion at the moment of impact." The issue is narrow, and only a brief recital of evidence is necessary.

The defendant testified that he was driving northerly on the highway at a speed of about thirty to thirty-five miles per hour, on his own right-hand side of the road, and that the plaintiff's car suddenly backed out in front of him and caused the collision. He did not see the car until the moment of impact and said that he could not claim that the plaintiff's car was in motion. The plaintiff testified that she came out of the house, entered her car, started the motor, released the brakes, turned on the lights and allowed the car to roll down the driveway. She said: "I didn't shift the gears because on our driveway there is a slope and you can roll back as far as the gutter. Then you can put it in reverse and back out." She further testified that the car came to rest with its rear wheels in the gutter, the overhang extending about three feet into the paved highway, that

she heard a car coming some distance away, looked in that direction and waited a few seconds for it to pass, and that while her car was in that position the defendant's automobile struck it.

The defendant concedes that under ordinary circumstances the jury would have been fully entitled to resolve the factual question in the plaintiff's favor. He contends, however, that her "courtroom testimony" was incredible because it was contradicted by "indisputable physical facts" and her own prior inconsistent statements. The indisputable physical fact relied upon is the position in which the plaintiff's car was found after the collision. A police officer testified that it was thirty-five to fifty feet from the driveway and was facing south, straddling the easterly edge of the road. The impact was severe. The forces set in motion by such a collision are difficult to evaluate. It is by no means incredible that the defendant's car, traveling at thirty-five miles per hour, might hook into a car occupying the position testified to by the plaintiff, drag it thirty-five feet and turn it around. The collision could well have left the plaintiff's car in the position occupied by it after the accident even though it was standing still when it was struck, and therefore *Mlynar v. Merriman & Sons, Inc.*, 114 Conn. 647, 650, 159 A. 658, relied on by the defendant, is not in point.

The defendant relies, as destroying the credibility of the plaintiff's testimony in court, upon certain statements made by her out of court, claimed to be inconsistent with her statements on the witness stand, and upon a plea of guilty to a criminal information charging that she failed to give the defendant the right of way. When a witness is a party to the action, his extrajudicial statement may be more than a contradiction. It may be treated as an admis-

sion. *Hill* v. *Small*, 129 Conn. 604, 605, 30 A. 2d 387. However, the probative force of such statements must depend on the circumstances of each case. They may have little, if any, weight, or, in connection with other evidence, they may amount to convincing proof. *State* v. *Willis*, 71 Conn. 293, 306, 41 A. 820. The plaintiff's testimony at the trial and her prior statements, so far as they were inconsistent with it, were to be considered by the jury together with all the evidence presented, and such weight should be given to the admissions of this nature as they appear to be entitled to receive in view of all the circumstances attending the making thereof. See *Kanopka* v. *Kanopka*, 113 Conn. 30, 39, 154 A. 144; 20 Am. Jur. 1048. The application of these principles to the circumstances of the present case shows that the jury reasonably could have found that the plaintiff's car was stopped, and not in motion, at the moment of the collision. We do not need to answer the defendant's claim that the plaintiff was guilty of contributory negligence, inasmuch as it is based on the contention that her car was in motion at the time of the collision. There is no error in the denial of the motion to set aside the verdict.

Error is assigned in the failure of the court to instruct the jury regarding the law of sudden emergency in the form requested by the defendant. The defendant did not see the plaintiff's car until the moment of the impact. The requests to charge were predicated upon the reasonableness of what the defendant did or could have done in order to avoid the collision. There was nothing he could have done. The court was not in error in failing to charge in accordance with the request. Under the claims of proof the charge on the question of speed was adequate.

Error is also assigned as to rulings on evidence. Three documents were offered for the purpose of showing that the plaintiff's courtroom testimony that the car was not in motion at the time of the collision was contradicted by prior statements contained in the documents. We have already discussed oral statements which were admitted in evidence for the same purpose. Objections to the admission of the documents were sustained. The first writing was a record made in the regular course of business by the plaintiff's physician at the time he first treated the plaintiff. It contains a list of injuries, of charges for professional services, and the following statement: "Hit by car going north as she backed out west." The doctor did not know who made this statement to him, and when the document was handed to him and inspected by him he still did not know. He testified in part as follows: "I got this impression from a group of people as to how she was hit. After I got home I wrote down essentially that she was hurt by an automobile accident. This is all that amounts to as far as I am concerned." The finding has been supplemented, in the statement above, by an examination of the evidence before us on the appeal from the denial of the motion to set aside the verdict. *Stabile* v. *D. & N. Transportation Co.,* 129 Conn. 11, 13, 26 A. 2d 12; Conn. App. Proc., p. 102. Under the circumstances, the entry in the doctor's record did not tend to show that the plaintiff made this statement to him. The document properly was excluded.

The court also excluded a duplicate original of a report made by a state policeman to his superior officers concerning the plaintiff's trial in the town court. One of the recitals therein was that she entered a plea of guilty to an information charging her with failing to grant the right of way to the defend-

ant. The court had already admitted in evidence a certified copy of the proceedings in the Town Court which contained the complaint, the plea and the decision of the court. It also excluded a report made by the state policeman to his superior officers which stated his observations at the scene of the accident, his official acts with respect thereto, and that the plaintiff admitted to him that her car was in motion at the moment of impact. The officer was a witness at the trial and was permitted to testify at length concerning all of the matters stated in his report. Any error in these rulings was harmless, in view of the other testimony to the same point. *Mirando* v. *Mirando,* 104 Conn. 318, 322, 132 A. 910; *Wright* v. *Blakeslee,* 102 Conn. 162, 169, 128 A. 113; *Guhring* v. *Gumpper,* 117 Conn. 548, 552, 169 A. 189; Conn. App. Proc. § 16(d), p. 22.

There is no error.

In this opinion the other judges concurred.