JONATHAN PARELES *v.* ROSE T. McCARTHY ET AL.

KING, MURPHY, SHEA, ALCORN and MacDONALD, JS.

Argued December 5, 1961—decided February 7, 1962

*Bernard Green,* with whom, on the brief, was *John Arcudi,* for the appellant (plaintiff).

*Francis A. Smith, Jr.,* with whom was *William B. Rush,* for the appellees (defendants).

SHEA, J. The plaintiff, a minor, sustained personal injuries alleged to have been caused by the negligence of the defendants. The jury returned

a verdict for the defendants, and the plaintiff has appealed from the judgment rendered thereon, claiming that the court erred in its charge to the jury.

The plaintiff offered evidence to prove, and claimed to have proved, the following facts: In July, 1956, the plaintiff, then a boy two and one-half years of age, was playing with a paddle ball in the driveway of his parents' home on the northerly side of Lincoln Avenue in Bridgeport. The ball was attached to the paddle by a long elastic band. The driveway was located at the easterly end of the premises. There was a grass strip between the curb and the outer edge of the sidewalk. A fire hydrant was located in this strip about five feet to the east of the easterly edge of the driveway. A car, facing west, was parked on the northerly side of the street with its front end about twelve feet east of the fire hydrant. The ball broke away from the plaintiff's paddle and rolled into the street. The plaintiff started into the street to retrieve the ball and came into contact with an automobile which was owned by the named defendant and was being driven westerly by the defendant Alice M. Ford. She did not see the plaintiff before the impact. She did not change the speed or direction of the car, and she did not apply the brakes until after the impact. No horn was sounded. The plaintiff sustained serious injuries.

The defendants offered evidence to prove, and claimed to have proved, that the operator was driving the car at a speed of fifteen miles per hour, that the plaintiff ran into the street after the ball as the car was passing, and that he struck the automobile at the right side of it, in front of the hinge of the front door. There was a hedge along the north edge of the sidewalk on the property east of

the driveway. The car which was parked near the fire hydrant extended about six feet into the street from the north curb. Immediately after the defendant operator heard a thump on the right side of the car she was driving, she stopped the car. It came to rest with its front end about five feet west of the driveway. It was facing west and was approximately seven feet from the north curb. There were no brake marks on the pavement. The plaintiff was lying in the street approximately six feet south of the northerly curb line and about eight feet west of the left front fender of the car which was parked near the hydrant. There were no children playing on the street at the time. A passenger in the defendants' car saw no children in the road as the vehicle proceeded, and she did not know why the operator had stopped the car.

In their answer, the defendants admitted ownership and operation of the automobile but denied that the accident was caused as a result of the negligence of the operator. The pleadings did not raise any issue of due care by the plaintiff. He has attacked the court's charge to the jury on two different grounds. First, he claims that the court erred in discussing the standard of care to be expected of a child. In this connection the court told the jury: "The pedestrian in this case being the child, the care would be the care of a child. Now, this boy was approximately two-and-a-half years old and the standard of care for him was to use such care as may reasonably be expected of children of similar age, judgment and experience." This portion of the charge was given after the court had told the jury that it was the duty of the driver, in keeping a proper lookout, to take such precautions as an ordinarily prudent person would take under all the

circumstances; that ordinarily a driver is not held to as high a degree of care in anticipating the presence of pedestrians at places in the highway other than crosswalks as he is in anticipating their presence at crosswalks, but that he is by no means absolved of all duty to anticipate the possible presence of a pedestrian at a place other than a crosswalk; and that both the driver and the pedestrian must exercise care commensurate to the danger involved, each party anticipating the exercise by the other of his legal right to the use of the highway. The quoted portion of the charge followed immediately thereafter. The obvious purpose of the court was to point out that the defendant operator could not reasonably assume that the plaintiff, a boy of tender years, would conduct himself with the same amount of care as an adult. Clearly, the jury must have understood that this was the purpose. Any implication to the contrary was removed when the court further instructed the jury that although the defendants denied that the operator was negligent, no claim was made by them that the plaintiff's injuries were caused by his own negligence. All of these instructions were beneficial, rather than harmful, to the plaintiff and did not constitute error. *Jacobs* v. *Swift & Co.*, 141 Conn. 276, 278, 105 A.2d 658.

The plaintiff also complains of the charge in respect to sudden emergency. After pointing out that the defendants denied that they were negligent, the court said: "[T]he defendants claim that Mrs. Ford was confronted with an emergency when the boy came into the highway and that because she did not create the emergency she should not be held responsible for what happened. We do recognize a principle of law . . . that if one is suddenly con-

fronted with an emergency not of his or her own making, then the degree of care required is only such care as a reasonably prudent person would be likely to use when confronted with such emergency. From the evidence, you should first ascertain whether Mrs. Ford was confronted with an emergency. If you conclude she was not confronted with an emergency, then this principle of law has no application. If an emergency arose through no fault of Mrs. Ford, you will consider this factor in determining whether or not she exercised proper care under the existing circumstances. Of course, if you find that there was an emergency and such emergency was created by Mrs. Ford herself, then this rule of law would not apply in this case."

The exception taken by the plaintiff to this portion of the charge was based on the ground that sudden emergency was not alleged in the pleadings. The plaintiff gains nothing by this exception. An emergency is but one of the circumstances shown in evidence which are to be considered by the trier in determining whether an operator exercised due care. *Adams* v. *New Haven,* 131 Conn. 552, 554, 41 A.2d 111.; *Dole* v. *Lublin,* 112 Conn. 603, 605, 153 A. 856; 60 C.J.S. 627, § 257. The question arises only after consideration of the evidence developed in the course of the trial, and may be suggested by the testimony of a witness without any advance knowledge on the part of the parties or their counsel. Consequently, no pleading is necessary to invoke the doctrine. See Practice Book § 102.

Another claim made by the plaintiff with respect to this portion of the charge is that the facts essential to the application of the doctrine of sudden emergency were not present. Even if we overlook the failure of the plaintiff to make this point in his

exceptions to the charge, we can find no harmful error. The charge is tested by the claims of proof advanced by the parties. *Virelli* v. *Benhattie, Inc.*, 146 Conn. 203, 209, 148 A.2d 760. There is nothing here which would justify the jury in concluding that the operator was confronted with an emergency. According to her claim, she did not see the plaintiff before the accident; he came out of the driveway in front of the parked vehicle and struck the defendants' car on the right side. No claim is made that the operator saw him before the collision. Under these circumstances, the doctrine of emergency had no application to the case. *Stitham* v. *LeWare,* 134 Conn. 681, 684, 60 A.2d 658. The court, therefore, might well have avoided reference to the doctrine. On the other hand, the jury were specifically instructed to apply the doctrine only if they first ascertained from the evidence that the operator was confronted with an emergency. The error, if any, could not possibly prejudice the jury in their consideration of the case. *Seney* v. *Trowbridge,* 127 Conn. 284, 289, 290, 16 A.2d 573; *Kulinski* v. *Savin,* 125 Conn. 512, 514, 7 A.2d 436; see *Griswold* v. *Connecticut Co.,* 131 Conn. 248, 250, 38 A.2d 676.

There is no error.

In this opinion the other judges concurred.