DONALD J. VACHON ET AL. *v.* HOWARD S. IVES, HIGHWAY COMMISSIONER

KING, MURPHY, SHEA, ALCORN and COVELLO, Js.

Argued March 5—decided April 9, 1963

*Vincent Villano,* for the appellants (plaintiffs).

*Francis A. Smith, Jr.,* with whom were *William B. Rush* and, on the brief, *J. Kenneth Bradley,* for the appellee (defendant).

MURPHY, J. An automobile operated by the named plaintiff skidded on ice on the highway and crashed into a telephone pole alongside the road. The plaintiff was injured, and the car owned by the coplaintiff was crumpled and badly damaged. The plaintiffs brought suit to recover for the personal injuries sustained and the damage to the car, alleging that the defendant, the highway commissioner, had failed in his duty of maintaining the highway in a reasonably safe condition for travel. From a judgment rendered on a verdict for the defendant, the plaintiffs have appealed.

We shall refer to the operator as the plaintiff. The jury could have found that the plaintiff was driving at a speed of about thirty to thirty-five miles an hour in a northerly direction on route 22 in North Branford about 3 o'clock in the morning

on January 24, 1959, when, after rounding a slight curve, his car started to skid on a stretch of ice and water which covered most of the right lane for a distance of 150 to 200 feet. He had not observed the icy condition before he started to skid. The road up to that point had been clear, dry and free of ice and snow. The weather was cold and the sky clear. When the car skidded, the plaintiff was unable to control it and it swerved to the right and struck the telephone pole, which was located on the easterly shoulder of the road about fifty feet north of the icy area. The ice on the road had formed from water which had drained from a hilly area to the east into a gully alongside the road and from the gully had run onto the road. The condition was one which had occurred intermittently for six years, whenever the temperature was below freezing. It had been below freezing for twenty-nine hours before the accident. There was no sand or other abrasive material on the ice.

The defendant's proof was limited to testimony showing the total miles of state-maintained highways, the cost of maintenance and the amount expended on snow and ice during the fiscal year July 1, 1958, to July 1, 1959, together with the comparable figures for the district in which route 22 was located.

It is not possible to review the ruling relative to the testimony of Leo Konopka, a state police officer. The finding does not contain the question, the objection, the answer, if any, or the exception. Practice Book § 405; *Taylor* v. *Hamden Hall School, Inc.,* 149 Conn. 545, 551, 182 A.2d 615. There was no error in excluding the question to the plaintiff asking for a comparison of the amount of water at the scene of the accident eleven hours later with

what it had been at the time of the accident. The ground on which the question was claimed does not appear. *Megin* v. *Carney,* 148 Conn. 130, 135, 167 A.2d 855. The question put to the witness Alice Prates was too indefinite to withstand objection. No harm seems to have been done to the plaintiff by the ruling preventing him from reading to the jury excerpts from a weather report. The report had been marked as an exhibit in evidence. The pertinent portions of it furnished material for orderly presentation to the jury in argument. The only witness called by the defendant was an employee of the state highway department who investigated claims brought against the defendant. General Statutes § 13-87. The plaintiffs have assigned as error the rulings restricting the cross-examination of this witness. The failure of the plaintiffs to comply with Practice Book §§ 405 and 408 by stating the rulings in separate paragraphs and making specific assignments of error dispenses with the need to consider these rulings. *Arvee Construction Co.* v. *Ardolino,* 144 Conn. 7, 12, 127 A.2d 39.

The plaintiffs filed a request to charge on the doctrine of sudden emergency, but the court did not charge on that subject. The claims of proof did not warrant such a charge. The doctrine applies only in cases in which the operator is suddenly confronted by a situation not of his own making and has the opportunity of deciding rapidly between alternative courses of action. *Pareles* v. *McCarthy,* 149 Conn. 238, 244, 178 A.2d 155; *Adams* v. *New Haven,* 131 Conn. 552, 554, 41 A.2d 111; *Puza* v. *Hamway,* 123 Conn. 205, 213, 193 A. 776. As the plaintiff claimed that he had not seen the icy condition of the road before he started to skid, there was no alternative course available to him to avoid

the ice and the skidding. *Stitham* v. *LeWare*, 134 Conn. 681, 684, 60 A.2d 658; note, 80 A.L.R.2d 5, 14. The charge on inferences was sufficient for the guidance of the jury, though it was not couched in the language of the plaintiffs' request. We do not consider the attempt by the plaintiffs to claim error in four paragraphs of the charge to which no exception was taken. Practice Book § 153. Although it may not have been necessary for the court to have instructed the jury to disregard the evidence of the condition of the road some hours after the accident, the error, if any, is not such as to warrant reversal. As the court pointed out, the condition of the road at the time of the accident and the duration of the icy condition were the elements which required proper consideration. Also, the weather report showed that the temperature was below freezing for nineteen hours after the accident.

A motion to set aside the verdict was properly denied. The court obviated any harm to the plaintiffs from remarks in argument to which they made timely objection. Not only did counsel withdraw the statement but the court, at that juncture, instructed the jury to disregard it. That was sufficient under the circumstances.

There is no error.

In this opinion the other judges concurred.