### LOUIS MORGILLO *v.* EVERGREEN CEMETERY ASSOCIATION

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued October 7—decided November 19, 1964

*William T. Holleran,* for the appellant (defendant).

*Benedict S. Moss,* with whom were *Frederick A. Cohn* and. on the brief, *Frederick S. Moss,* for the appellee (plaintiff).

MURPHY, J.  The defendant has appealed from a judgment rendered on a verdict of $75,000 for the plaintiff for injuries sustained on March 19, 1957, while he was acting as a pallbearer at a funeral in the defendant's cemetery.  The defendant assigns error in the denial of its motion to set aside the verdict, the finding of claims of proof without evidence, rulings on evidence, and the charge.

A lengthy recitation of the claims of proof by the parties is not essential to our disposition of the appeal.  The following abridged summary will be sufficient.  In preparation for the burial, the defendant had by its employees dug a grave into which a burial vault had been lowered, constructed a platform of removable planks about the grave and set up a device for lowering the casket into the grave. The platform consisted of one plank, eight feet long, laid crosswise at each end of the grave, on a mound of dirt, and two ten-foot planks laid parallel with and on each side of the grave, bridging the two end planks. Each side plank was twelve inches wide.  In addition, on one side of the grave, a plank six inches wide was placed between the grave and the twelve-inch planks. The narrower plank, called a half plank, extended over the grave opening for the full length of the grave, that is, seven feet three inches. All of the planks were two inches thick. They were covered with artificial grass mats.  The half plank had a knot near its center.  The plaintiff, a 250-pound man carrying one side of the front end of a 250-pound casket containing a 250-pound body, stepped on the half plank, it gave way under him at the knot, and

his right leg went into the grave. He suffered a cervical sprain and strained his lower back. He was hospitalized when his back did not respond to conservative treatment. Subsequently, he underwent an operation to remove a herniated disc, and a spinal fusion was performed. He was incapacitated for some period of time, has been unable to perform the work which he formerly did and has a permanent partial disability.

The plaintiff alleged and principally claimed to have proved that the defendant was negligent in the construction of the platform and in the use of a defective and weak plank which would not support the weight which was imposed on it by the plaintiff. The defendant disputed the claims of negligence and asserted that the plaintiff had not sustained a herniated disc but rather had a degenerated disc which antedated his accident. At most, the defendant conceded that the plaintiff had sustained a muscular strain of the neck and lower back.

The record on appeal in this case is so far from being a model that we feel obliged to direct attention to it. Counsel should make a reasonable attempt to follow the rules so that the trial judge can prepare a finding which will present the issues clearly for our review. The claims of proof by the plaintiff are disjointed, rambling, confusing and repetitious and fail to present the basic issues of liability and damages in an orderly and logical manner. A finding in a jury case serves a limited purpose. It is a mere narrative of the facts which are claimed to have been proved and is designed to test the correctness of the charge or the rulings of the court. *State* v. *Whiteside,* 148 Conn. 208, 214, 169 A.2d 260. It should not be detailed or voluminous but confined strictly to the facts bearing on the questions raised.

Maltbie, Conn. App. Proc. § 143. The plaintiff is not alone chargeable with indifference to or disregard of the rules governing the manner of properly presenting appeals. As will appear later in this opinion, the defendant's presentation falls far short of what should reasonably be expected of competent counsel. The trial court would have been justified in returning both the draft finding and the counterfinding for proper preparation of their contents.

The assignment of error directed to the claims of proof of the plaintiff states that five full paragraphs and portions of two other paragraphs were found without evidence. In order to avoid having these stricken from the finding, and thus having the support for the charge and the rulings on evidence weakened, the plaintiff had to print in his appendix the narrative of the evidence substantiating his claims of proof. *Cushing* v. *Salmon,* 148 Conn. 631, 632, 173 A.2d 543. One of the plaintiff's claims was that "[w]hen used, half planks are placed on the outside of the grave opening." To support this claim, the plaintiff stated in his appendix that the gravedigger, whose father set up the platform, testified that although half planks were sometimes used, they were always placed on the outside of the grave. The transcript reveals that the use of the word "always" was a distortion of the testimony of the witness. He testified that half planks were not used very often but that when they were used they were "usually" placed on the outside. It was also claimed by the plaintiff that the gravedigger, at the time the platform was set up, "knew the half plank was being improperly used because of its rotten appearance and the position in which it was set." Neither of these claims finds support

in the plaintiff's appendix. The gravedigger testified that after the accident he examined the break in the half plank at the knot and "it was very dark wood, a grayish-brown, as it was rotted a little." Therefore, paragraphs 102 and 106 of the finding must be deleted. In addition, the final sentence in paragraph 147a of the finding is stricken, since there was no evidence that the plaintiff held a federal civil service position from which future benefits might accrue.

The assignments of error directed to the rulings on evidence are concerned primarily with the exclusion of evidence which the defendant sought to introduce through two longtime employees. The purpose of the examinations was to counter the claim of the plaintiff that the defendant had been negligent in using the half plank, with the knot in it, over the grave opening. Theogene Prunier, a nine-year employee, delivered the planks which were used to the grave site. He was asked whether he had an opinion, based on his experience and observation of the half plank, as to whether that plank was or was not safe to use. The objection to the question should not have been sustained. It was a preliminary question. The plaintiff, in an apparent attempt to overcome his error in objecting to the question, succeeded in persuading the trial judge to include in the finding, immediately after the exception, the following statement: "The appellee wishes the following excerpts from the transcript of the testimony of . . . Prunier and Pasquale Caricchio to be read in conjunction with the material included by the appellant." Three questions and answers then follow. They are not germane to the question asked of the witness and do not overcome the erroneous ruling of the court. Furthermore, the manner

in which this material has been incorporated in the finding does not conform to the proper way in which to correct, explain or elaborate upon a ruling on evidence as it is set out in the draft finding. Maltbie, Conn. App. Proc. § 150. Neither of the next two rulings on evidence assigned as error contain preliminary statements adequate for a proper understanding of the rulings and are not considered. Practice Book § 648. Prunier testified that pallbearers carrying caskets had walked on the half plank when it was in the same position at prior funerals. He was then asked whether there had been any difficulty in their use of the half plank. The court sustained the plaintiff's objection. The ruling was not erroneous, since there was insufficient evidence of the prior use of the half plank under substantially the same conditions as existed on the day of the accident to make the testimony admissible in the determination whether the defendant exercised reasonable care in the use of the plank. *Facey* v. *Merkle,* 146 Conn. 129, 136, 148 A.2d 261.

Steven H. Rubelman, an employee for thirty-two years and the superintendent of the defendant's cemetery for eleven years, testified for the defendant. One assignment of error is directed to rulings on evidence as they appear in six paragraphs in the finding. In the first of those paragraphs two separate rulings are stated, contrary to Practice Book § 648, and they will not be reviewed. There is no error in the rulings stated in the second and third of the paragraphs. There is error in the ruling stated in the fourth paragraph, since the question was preliminary. The ruling stated in the fifth paragraph is also erroneous. The witness should have been permitted to describe the practice of the defendant with respect to planks before they are

put in use. There is no error in the ruling stated in the sixth paragraph. In three of the paragraphs in the finding relating to Rubelman's testimony, the plaintiff caused the court to include excerpts from other testimony of this witness as well as excerpts from the testimony of two other witnesses, one of whom testified for the plaintiff. There is no indication of the sequence of Rubelman's testimony. That of the other two witnesses had no bearing on the admissibility of the evidence and did nothing but add more confusion to a poor record.

The plaintiff has also caused the court improperly to include excerpts from the testimony of other witnesses in the paragraphs of the finding in which error has been assigned in connection with the testimony of Dr. Alfonso DellaPietra, an orthopedist who examined the plaintiff for the defendant. The material, if relevant to the question, should have been included in the preliminary statement. Practice Book § 648. The first two rulings we do not consider. Neither the plaintiff nor the defendant stated the grounds of the objections or the reasons why the evidence was admissible. Practice Book § 226. In *Casalo* v. *Claro,* 147 Conn. 625, 165 A.2d 153, we had occasion to discuss this subject extensively and have followed the authority of that case in *Megin* v. *Carney,* 148 Conn. 130, 134, 167 A.2d 855; *State* v. *Whiteside,* 148 Conn. 208, 217, 169 A.2d 260; *Waterford* v. *Connecticut State Board of Education,* 148 Conn. 238, 250, 169 A.2d 891; *State* v. *Smith,* 149 Conn. 487, 490, 181 A.2d 446; and *State* v. *Hanna,* 150 Conn. 457, 460, 191 A.2d 124. The record for appellate review must be made in the trial court. In the final ruling on evidence, the defendant stated its reason for claiming that Dr. DellaPietra should be permitted to give his opinion as to the period of

time in which a herniated disc could be determined clinically. It was claimed to be germane in view of the testimony of Dr. Ned M. Shutkin in regard to that period of time. As the gist of Dr. Shutkin's testimony is not set forth in the preliminary statement, we have no basis on which to review the ruling.

The only other assignment of error which warrants consideration is directed to the charge. In his complaint, the plaintiff alleged ten specifications of the defendant's negligence. One of these was that the defendant, acting through its servants, agents and employees, was negligent in that "they failed, neglected, and omitted to reinforce and/or support—especially underneath—the wooden planks running the length of the grave and spanning the opening of the grave which should have been done in order to have distributed the weight stress". In the charge, the court read this specification to the jury and instructed them: "This [allegation] will be submitted to you because there has been evidence presented that there was a 7'3" span over the opening of the grave and that the planking was raised somewhat above the ground and yet one of the planks fell, and the claim is that the plank wasn't sufficient to hold the weight that might be expected of pallbearers plus a casket, so that you may consider whether or not to make this platform reasonably safe some further reinforcement underneath should have been required." The defendant took an exception to this part of the charge and stated that the plaintiff had offered no evidence in proof of the allegation. A charge is to be tested by the claims of proof as they appear in the finding. *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.*, 151 Conn. 463, 464, 199 A.2d 698. There is

nothing in the plaintiff's claims of proof in the finding from which the jury could find or infer that the defendant was negligent in not reinforcing the planking in the manner alleged. The inclusion of this part of the charge constituted harmful error. The other assignments of error need not be discussed.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.