STATE OF CONNECTICUT *v.* ROBERT KARASINSKI

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 5-11024

Argued March 29—decided June 3, 1965

*Herman D. Silberberg,* of Ansonia, for the appellant (defendant).

*Joseph H. Sylvester,* assistant prosecuting attorney, for the appellee (state).

KOSICKI, J. After a trial to a jury, the defendant was found guilty of operating a motor vehicle while under the influence of intoxicating liquor, in violation of § 14-227 of the General Statutes, and from this judgment he has appealed. The record before us shows such gross departure from the rules governing the presentation of appeals in jury cases that we feel obliged to call attention to the deficiencies which would have justified the trial court, after once returning the draft finding and counterfinding because of nonconformity with the rules, in doing so a second time for a proper presentation of their contents. *Morgillo* v. *Evergreen Cemetery Assn.,* 152 Conn. 169, 173. The request for a finding is directed at two rulings on evidence and the adverse ruling of the court on the defendant's motions for a mistrial, to open the judgment and to set aside the verdict. The draft finding consists almost entirely of quotations from the transcript, and page references thereto, and is burdened with lengthy arguments of counsel and colloquies between the court and counsel, none of which have any place in a finding. There is nothing concerning claims of proof; the claimed errors in rulings on the admission of evidence are not set forth as required by our rules; and the alleged error in a portion of the court's charge cannot be properly reviewed in the absence of claims of proof as required in a finding in a case tried to the jury. Practice Book §§ 996, 997, 998, 999, 1006(4),

989(4); *State* v. *Whiteside,* 148 Conn. 208, 214, cert. denied, 368 U.S. 830; Maltbie, Conn. App. Proc. § 126 p. 156, §§ 145, 147. The trial judge returned for correction the original draft finding and counterfinding because of the deficiencies we refer to; and the substituted finding and counterfinding do not correct these defects. The finding of the court thus reflects the failure of both counsel to comply with correct practice, and we consider the appeal only to the extent that we can with propriety do so, in order that no injustice result to the defendant. *O'Keefe* v. *Bassett,* 132 Conn. 659, 660.

The defendant has assigned error in the admission of certain testimony and in denying motions for a mistrial, to open the judgment, and to set aside the verdict. The last motion is not addressed to the insufficiency of the evidence, to be tested by all the evidence, in which case no finding is necessary, but is based on alleged erroneous rulings on evidence and other rulings during the trial and in the charge, as to which a finding is necessary. Maltbie, op. cit. §§ 184, 198. To understand the issues sought to be raised by this appeal, the factual situation, about which there is no dispute, may be stated without undue elaboration. We do so because otherwise the questions of law sought to be presented would amount to a submission in vacuo without the concrete factual setting to determine whether error was committed and, if so, whether it was prejudicial and harmful.

Officer King, while on patrol duty in Seymour, observed an automobile being operated in an erratic manner. He stopped the car and noticed a strong odor of alcohol on the driver's breath. The operator refused to show his license or give his name and address, and threatened the officer with reprisal for trying to cause him trouble. Officer Golembieski then

came up, and the defendant repeated the same remarks, saying also, "Come up to Naugatuck and I'll show you some good cops. They will take you in up there and let you sleep it off and then let you go." He was then asked to accompany the officers to the station and had difficulty getting out of the car. Officer Golembieski asked the defendant for permission to move his car because it was blocking a driveway. He refused the request, took the key out of the ignition and put it in his pocket. As he got out of the car, his knees buckled and the officers took him by the arms and assisted him to the police car. When they let him walk without help, he staggered and held onto the police car. The police then picked him up bodily and seated him in the police car. Upon arrival at the police station, they swung his feet out of the car and, taking him by the arms, helped him into the station. While he was seated near the desk of the booking officer, the defendant was asked to produce his license. He fumbled through his wallet and handed the officer several papers, one at a time, none of which was the operator's license. Finally, he drew out his license, which dropped to the floor, and in stooping to pick it up he lost his balance and seized the side of the desk to save himself from falling.

The first two assignments of error relate to the admission of testimony of Officer King and Officer Gunderson, the booking officer, pertaining to the offer by them to the defendant of an opportunity to take a sobriety test and his responses thereto. We have noted above that neither of these assignments has been presented in accordance with our rules. Practice Book § 989 (4). No exhibit was annexed to the assignment of errors setting forth the question claimed to be objectionable, the objection, the answer, if any, and the exception. Nor was there any statement of such facts or excerpts from the transcript

as would enable this court to understand the relevancy or materiality of any evidence or question in dispute without a knowledge of what preceded or followed the question; nor has the state, the appellee, filed, where the rulings on evidence are not correctly or adequately stated, a statement to that effect in its brief, annexing thereto a transcript of relevant evidence, duly certified. We have been obliged to resort to the entire certified transcript, as filed by the defendant, the appellant, to supply the insufficiencies in the appeal; and we have done so only because the necessary factual situation was not in dispute. This action is not to be considered as a condonation of a departure from the rules referred to above.

The first assignment of error is aimed at the following ruling of the court on the admission of evidence. After considerable abbreviation of what is presented in the finding, these essentials appear: Officer King was asked what he did after he had moved the defendant's car. He said he brought the keys back (to the station) and asked the defendant if he would take a sobriety test. He said he would. There followed an objection because of the anticipation of a certain answer. Thereupon the jury were excused and a long argument followed. The objection was overruled and an exception taken. The ruling of the court was correct. The question was a preliminary one. No extended discussion is needed to elaborate on the well-recognized rule that where the defendant willingly submits to an examination by the police he cannot thereafter claim that any of his rights had been invaded. No objection was raised on the ground that there was involved the matter of inadmissibility of a confession, statement, or admission under § 54-1c of the General Statutes because of failure to inform the defendant of his rights; therefore, nothing respecting thereto is before us for decision.

The questioning of Officer King then continued concerning the conversation with the defendant with regard to giving him a sobriety test: "Q.—What did Mr. Karasinski say to you and what did you say to him? A.—He told me—he says, 'You can give me a test and I'll make a fool out of you.'" The defendant, both at the trial and on appeal, conceded, as well he might, that his quoted answer was admissible in evidence, and it was not objected to. "This unusual reply, not of course offered for the truth of any matter stated therein, was in itself, as indicative of a state of intoxication, evidence of some weight on the defendant's mental condition. . . . The reply was a verbal act, admissible, like the defendant's other actions at headquarters, on the issue of intoxication." *State* v. *Tryon,* 145 Conn. 304, 308. The defendant's claim of error in the ruling appears rather to be focused on a subsequent question and answer. "Q.—During the conduct of this sobriety examination did you then ask him if he was willing to take certain tests? A.—Yes, I did. Q.—What was his answer? A.—No."

Nowhere in the record or in the transcript does it appear what the words "sobriety test" had reference to. There is no indication whatever that they contemplated a sampling of body fluids or breath to determine by chemical analysis the presence or the concentration, if any, of alcohol in the defendant's blood. General Statutes §§ 14-227a and 14-227b did not become effective until January 1, 1964, and these sections were inapplicable in this case, in which the offense and arrest occurred on August 3, 1963. The defendant, in objecting to the admission of evidence of his refusal to take a "test," relies heavily on our decision in *State* v. *Munroe,* 22 Conn. Sup. 321, 329, 1 Conn. Cir. Ct. 5, 13. In that case, upon the defendant's arrest on a charge of operating his automobile while under the influence of intoxicating

liquor, he was asked for permission to take a sample of his blood for chemical analysis and he refused to give permission. We held in that case "that a mere refusal, unaccompanied by words or acts which might be regarded in the nature of admissions by conduct, is tantamount to silence" and that such silence cannot be laid in evidence against the defendant. We expressed the opinion, however, that although there was error in the admission of the evidence of refusal, it could not have prejudiced the defendant in view of adequate and convincing evidence of guilt, including dulled perception, incoordinated behavior, and other symptoms of erratic and irrational conduct commonly associated with a state of insobriety. Here, we have no simple refusal to undergo some undefined test, but an initial acquiescence, an apparent partial performance, and the final refusal. We do not find any error in the admission of the quoted testimony.

The next assignment of error is related to the testimony of Officer Gunderson. For the most part it is corroborative of the testimony of Officer King. So far as we can determine with any degree of certainty, because of the insufficient presentation of this claim of error, the objectionable testimony concerned a "test" being given by Officer King. It is only by having recourse to the transcript that we learn what this test was. It is plain that what had been referred to as a test was nothing more than the routine filling out of a police questionnaire in which certain questions were propounded and the answers, if any, recorded by Officer King for police use. These questions were, so far as appears, of the usual background nature and were also designed to determine causes for the defendant's condition, such as whether he was taking insulin or was suffering from a blow on the head, and the like. They were designed evidently for the defendant's protection and well-being

as well as for a record of the entire transaction made in the regular course of police inquiry, and there was nothing objectionable in the interrogation. The defendant submitted willingly to this questioning, his answers were recorded and no objection was made to the introduction of this evidence.

The defendant, however, claims that there was error in the admission of testimony on the part of the officer that the defendant would not complete the sobriety test, declined to submit to further questioning and refused to go through the remainder of the test. We are left in the dark as to what the defendant was asked to do by way of an examination as to his condition. If there was such a request and by some remote inference it could be reasonably connected with the usual physical acts of performance to determine lack of coordination, muscular control, acuity of vision, and other similar observable symptoms commonly associated with deficiencies in body control due to the influence of alcohol, the request was not an improper one. We need not decide whether the refusal of the defendant to undergo or complete such an examination could be shown as part of the entire proceeding connected with the police investigation prior to arrest. The observations made by the officers of the actions and behavior of the defendant in their presence were sufficient for them to form a credible impression that the defendant was under the influence of intoxicating liquor and unfit to operate a motor vehicle; and this evidence, if believed by the jury, was enough to support a finding of guilty. *State* v. *Jones,* 124 Conn. 664, 668; *State* v. *Andrews,* 108 Conn. 209, 216. We can find no reasonable possibility that the evidence complained of might have contributed to the defendant's conviction. See *State* v. *Miller,* 152 Conn. 343, 348. Moreover, the claim of error that no testimony was admissible of the defendant's refusal to submit to or complete

the kind of examination mentioned becomes academic, not only because of the overwhelming evidence of insobriety before the jury but also because the court cautioned the jury during the trial and in its charge to refrain from drawing any inference of the defendant's condition as to sobriety from the mere fact of such refusal.

In his third assignment, the defendant claims error in the court's denial of a motion for mistrial because of the admission of the testimony referred to in the first two assignments. The grounds of the claim are that this testimony was prejudicial and violated the defendant's constitutional right against self-crimination. In granting or denying a motion for a mistrial, the court is vested with a wide discretion, and its action will not be disturbed unless the discretion was clearly abused. *Ferino* v. *Palmer,* 133 Conn. 463, 466. What we have said above is dispositive of this claim. In its ruling, the court did not abuse its discretion. "An error in admitting testimony can be cured by suitable directions to the jury subsequently given; and those in the case at bar were clear and explicit. Any other doctrine would seriously impair the value of the jury system. In the course of a trial, objections to the reception of evidence must often be passed on, with little opportunity for reflection or for consultation of authorities. It makes for the due administration of justice that errors in such rulings should be the subject of correction at any time before the cause is submitted to the jury." *Gorman* v. *Fitts,* 80 Conn. 531, 534.

The final two assignments, that the court erred in denying the defendant's motions to open the judgment and to set aside the verdict, may be considered together. The finding discloses that immediately after the acceptance and recording of the verdict the court imposed sentence. The defendant gave notice

of appeal and the court ordered an appeal bond. The defendant then filed a timely motion to open the judgment and a motion to set aside the verdict for the reason that the admission of testimony concerning his refusal to take a sobriety test was prejudicial to him and violated his constitutional right against self-crimination. We shall not repeat what we have already stated in passing on the grounds on which the last motion is based. The defendant further contends that the court acted with undue haste in pronouncing sentence and was in error in doing so before the defendant's time for filing a motion to set aside the verdict had expired. The transcript to which the finding refers indicates that before the filing of the motions no indication was made by the defendant of his intention to file them, nor was there any request that sentence be deferred for that reason. The court did not err in imposing sentence immediately after verdict under the circumstances then present. The law is clearly stated in *State* v. *Bradley,* 134 Conn. 102, which was a prosecution for murder in the first degree, wherein our Supreme Court of Errors said (p. 115) : "The defendant was presented for sentence immediately upon conclusion of the trial. The defendant's counsel voiced no objection to the imposition of sentence at that time and the court pronounced it. The defendant filed a motion to set aside the verdicts within twenty-four hours of their rendition. Practice Book § 229 [now § 254]. His contention is that sentence should have been deferred until he had filed his motion and it had been passed upon. The record recites that the motion was denied. Had the defendant given any indication of an intention to file the motion, the court no doubt would have deferred sentence. The court still had control of its judgments when the motion was filed. *State* v. *Pallotti,* 119 Conn. 70, 74 . . . . It heard the motion and denied it. Had it decided that the

motion should have been granted, it could and no doubt would have opened the judgments and granted it. We see no way in which the defendant was harmed by the procedure."

For the reasons already stated, the ruling of the court on the motion to set aside the verdict was correct.

There is no error.

In this opinion PRUYN and KINMONTH, Js., concurred.