RAYMOND FOSS *v.* JAMES W. RUSSO

ALCORN, HOUSE, THIM, RYAN and COVELLO, JS.

Argued February 9—decided March 6, 1968

*William F. Gallagher,* with whom, on the brief, was *Cyril Cole,* for the appellant (plaintiff).

*Edward S. Ludorf,* for the appellee (defendant).

COVELLO, J.   The plaintiff brought this action to recover damages for personal injuries and property

damage which he claims he sustained in a collision between an automobile driven by him and an automobile driven by the defendant on the evening of December 30, 1959. At the time of the collision, the plaintiff was driving his car in a southerly direction on West Service Road in Hartford and the defendant was driving in a northerly direction on that road. In his appeal, the plaintiff assigns error in the finding and in the failure of the court to charge on the effect of admissions and on the doctrine of sudden emergency.

On the finding, with the correction to which the plaintiff is entitled, we consider the claimed errors in the charge. The plaintiff offered evidence to prove and claimed to have proved that on the night of December 30, 1959, he was driving his car in a southerly direction on West Service Road in Hartford. He first observed the defendant's car, which was traveling north, when it was 300 feet away. When the plaintiff was twenty-five to thirty feet away from the defendant's car, the defendant turned his car to the left into the path of the plaintiff's automobile. The plaintiff barely had time to touch his brakes when the collision occurred. Shortly after the collision, the defendant told the investigating officer that he pulled to his left but could not avoid the collision. At the trial, the defendant denied that he turned his car to the left and further denied that he told the police officer that he had done so.

The principal claim of the plaintiff is that the court erred in failing to charge the jury on the effect of the defendant's claimed admission to the investigating officer and on the doctrine of sudden emergency. The plaintiff did not file any request to charge but at the conclusion of the charge did properly except to the court's failure to instruct the

jury on the doctrine of sudden emergency and the effect of an admission. See Practice Book § 249.

In this case, the defendant filed an answer and a special defense in which he charged the plaintiff with eleven specifications of contributory negligence, among which are allegations that the plaintiff failed to sound his horn or to give the defendant a timely warning or any warning whatsoever of the impending collision and that the plaintiff failed to turn his automobile in time to avoid the collision.

Upon the plaintiff's claims of proof, the jury might have found that the defendant turned his car to his left and into the path of the plaintiff's car when the plaintiff's car was only twenty-five or thirty feet from the defendant. In that situation, the plaintiff could properly make the claim that he was confronted with a sudden emergency not of his own making and that his conduct thereafter was to be measured in the light of the existence of the emergency. See *Degnan* v. *Olson,* 136 Conn. 171, 177, 69 A.2d 642. If the jury found that the claimed emergency did exist, then that emergency was a significant circumstance for them to consider in determining whether the plaintiff was contributorily negligent as alleged in the special defense. The court should have charged the jury on the doctrine of sudden emergency.

Further, the plaintiff claims to have proved that shortly after the collision the defendant told the investigating officer that he pulled his car to the left but could not avoid the collision. At the trial the defendant denied that he made such a statement. If the jury found that the defendant did in fact make such a statement to the officer, the statement was an admission by the defendant bearing on the cause of

the collision. The court should have instructed the jury on the effect of such an admission.

In the circumstances of this case, the court's failure to charge the jury on the doctrine of sudden emergency and on the effect of an admission by a party to an action was reversible error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion HOUSE, THIM and RYAN, Js., concurred.

ALCORN, J. (dissenting in part). The defense of contributory negligence copied the plaintiff's eleven indiscriminate allegations of negligence. The claims of proof did not require a charge on the subject of a sudden emergency. That doctrine applies only when a person is suddenly confronted by a situation not of his own making and has the opportunity of deciding rapidly between alternative courses of action with no time to make an accurate forecast of the effect of his choice. *Vachon* v. *Ives,* 150 Conn. 452, 455, 190 A.2d 601; *Adams* v. *New Haven,* 131 Conn. 552, 554, 41 A.2d 111; see also *Dole* v. *Lublin,* 112 Conn. 603, 604, 153 A. 856.