GEORGE W. MILLER ET AL. *v.* MADLYN PORTER ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued April 2—decided May 10, 1968

*Lawrence B. Schwartz,* with whom was *Richard N. Kaufman,* for the appellants (plaintiffs).

*Allan R. Johnson,* with whom, on the brief, was *Edward J. Holahan, Jr.,* for the appellees (defendants).

THIM, J. This negligence action arose as a result of a collision between two automobiles, one operated by the named plaintiff, hereinafter referred to as the plaintiff, and the other operated by the named defendant, hereinafter referred to as the defendant. As a result of the accident the plaintiff was injured and the automobile he was operating, which is owned by his wife, the coplaintiff, was damaged. The case was tried to a jury, which returned a ver-

dict for the defendants which the court accepted. The court denied a motion by the plaintiffs to set aside the verdict and rendered judgment on the verdict. The plaintiffs appealed from the denial of their motion to set aside the verdict rather than from the judgment. The defendants, however, by not making a timely motion to dismiss, have waived the defect. *Desmarais* v. *Pinto,* 147 Conn. 109, 110, 157 A.2d 596; *Lengel* v. *New Haven Gas Light Co.,* 142 Conn. 70, 75, 111 A.2d 547. The determinative issue on this appeal is whether the trial court erred in charging the jury on the doctrine of sudden emergency.

Whether a charge on the doctrine of sudden emergency was applicable is determined by the claims of proof advanced by the parties. Practice Book § 635; *Intelisano* v. *Greenwell,* 155 Conn. 436, 444, 232 A.2d 490; *Morgillo* v. *Evergreen Cemetery Assn.,* 152 Conn. 169, 177, 205 A.2d 368. The claims of proof, as they appear in the finding, reveal the following: On September 14, 1964, at approximately 8:45 a.m., the plaintiff was driving his wife's car in a southerly direction on Park Avenue in Fairfield. The plaintiff was traveling at approximately twenty-five miles per hour. Directly behind him was a car operated by the defendant. It was raining heavily at the time, and there was considerable southbound traffic on Park Avenue. At a point some fifty yards south of the intersection of Park Avenue and Jefferson Street, a car approximately twenty-five feet in front of the plaintiff, without any signal, suddenly slowed down and made a sharp right turn into a parking lot entrance. The plaintiff, by applying the brakes, brought the car he was operating to a rather sudden stop some five feet north of the point where the vehicle in front of him

had made its sudden, unsignaled turn. Within two or three seconds after stopping, the vehicle operated by the plaintiff was struck from the rear by the vehicle operated by the defendant. In the time which elapsed subsequent to the time when the car operated by the plaintiff had stopped but prior to impact, the vehicle operated by the defendant did not slow down, nor did the defendant make any attempt to avoid the collision.

The plaintiffs' assignment of error to the portion of the court's charge on the doctrine of sudden emergency is based on their claim that claims of proof essential to the application of the doctrine are not present. To justify the giving of the instruction on the doctrine of sudden emergency, there had to be an adequate basis in the claims of proof to satisfy each element thereof. See *Pareles* v. *McCarthy,* 149 Conn. 238, 244, 178 A.2d 155. Evidence was required which would be sufficient to support a finding (1) that an emergency actually existed, (2) that the perilous situation was not created by the defendant, and (3) that the defendant, confronted with the emergency, chose a course of action which would or might have been taken by a person of reasonable prudence in the same or a similar situation. *Vachon* v. *Ives,* 150 Conn. 452, 455, 190 A.2d 601; see note, 80 A.L.R.2d 5, 22; Restatement (Second), 2 Torts § 296.

The defendant did not testify at the trial. There is nothing in the finding which satisfies the third element listed above even if we assume, without deciding, that the finding would support an inference that the second element had been satisfied. There are no claims of proof advanced which indicate that the defendant was able to choose any course of action after the emergency arose. From

all that appears, events occurred with such rapidity that the defendant had no opportunity to do anything. Indeed, we note that the defendants based their argument to the jury, in part, on the theory of unavoidable accident. See note, 80 A.L.R.2d 5, 20.

If there are claims of proof which indicate that an opportunity existed, however brief, to choose a course of action after the emergency arose, a charge on the sudden emergency doctrine is justified. *Foss* v. *Russo,* 156 Conn. 230, 232, 240 A.2d 889. If, however, there are no claims of proof which show such an opportunity existed, the court should not charge on the doctrine of sudden emergency. *Vachon* v. *Ives,* supra; *Pareles* v. *McCarthy,* supra; *Stitham* v. *LeWare,* 134 Conn. 681, 684, 60 A.2d 658. The present case falls within the latter situation, and the trial court erred in charging on the doctrine of sudden emergency.

To require reversal, error must be harmful. The charge on the doctrine of sudden emergency allowed the jury to believe that they could find that the defendant acted as a reasonably prudent person after the emergency arose. There are no claims of proof in the finding, however, from which the jury could find or infer that the defendant had any opportunity to take any action whatsoever after the emergency arose. The charge on sudden emergency was calculated to prejudice the rights of the plaintiffs and was harmful. See *Cote* v. *Palmer,* 127 Conn. 321, 330, 16 A.2d 595; *Fine* v. *Connecticut Co.,* 92 Conn. 626, 630, 103 A. 901; *Morgillo* v. *Evergreen Cemetery Assn.,* 152 Conn. 169, 177, 205 A.2d 368.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.