[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In reading the exhibit attached to the defendant's motion and the affidavit of the plaintiff, the court finds that the following matters are not in dispute: On May 7, 1990 the plaintiff was an employee of the defendant corporation and worked from 7:00 a.m. to 3:30 p.m. On that day at approximately 4:00 p.m. the defendant was playing on tennis courts provided by the corporation. The defendant claims to have fallen at that time and to have been injured due to the allegedly defective condition of those tennis courts. The plaintiff brought suit claiming his injuries were caused by the negligence of the defendant corporation and/or its agent, due to the condition of the courts.
The defendant corporation claims the plaintiff is precluded from maintaining this action because of the provisions of the Workers' Compensation Act (31-284 (a)). That act abolishes any action for personal injuries "sustained by an employee arising out of and in the course of his employment."
The defendant corporation maintains that it is entitled to summary judgment because of the fact that the plaintiff filed an agreement as to workers' compensation with the commission (Exhibit A) wherein he in effect admitted his injuries were covered by the act. The exhibit contains the following sentence over the defendant's signature:
 The undersigned, having reached an agreement in regard to compensation for an injury arising out of an and in the course of employment, and sustained by the employee from which the incapacity resulted and for which the employee claims compensation under the Workers' CT Page 10657 Compensation Act, agrees to the terms listed above subject to modifications required by law.
The plaintiff, to counter this claim, has filed an affidavit in which he claims that he worked from 7 a.m. to 3:30 p.m., admits he was an employee of the defendant but says when he was playing on the company courts he was "not in the scope of (his) employment." In fact he goes on to assert in the last paragraph of his affidavit, "questions of fact and/or facts exist as to (his) status at the time of the incident."
The defendant by way of its brief not by attached affidavits or exhibits also claims the plaintiff received compensation for his injuries under the act. The plaintiff's brief makes the following statement regarding the contents of Exhibit A and the claim by the defendant that the plaintiff has been compensated under the act:
 Defendant claims that since the plaintiff has collected workers' compensation benefits, that he is barred from pursuing a third party claim pursuant to Conn. Gen. Stat. 31-284. The plaintiff contends that the receipt of workers' compensation benefits is not determinative of the question of his status at the time of his injury.
 Defendant contends that since Mr. Levasseur signed a voluntary agreement he at least implicitly confirms his status as an employee within the scope of his employment. Mr. Levasseur has not given a statement to that effect nor has he consented to the same. Rather, when compensation benefits were made available to him, Mr. Levasseur, faced with the Hopson's (sic) choice of taking the benefits or being precluded at some future time from doing so, chose to file for the benefits.
These assertions by the defendant are interpreted by the court as an admission that he signed Exhibit A and received benefits under the act for the injuries which now form the basis of his claim. The question is thus sufficiently joined before the court for it to determine whether it should grant the motion for summary judgment. CT Page 10658
The case cited by the plaintiff is instructive for deciding the issues raised by this case. Burns v. Hartford Hospital, 192 Conn. 451 (1984) stands for the proposition that when the party moving for summary judgment has presented evidence in support of its motion, the opposing party must present evidence showing the existence of a disputed fact still in issue before the court.
"`Mere assertions of fact . . . (by the opposing party) . . . are insufficient. . . .'" If the party moving for summary judgment has met its burden of showing the nonexistence of issues of material fact, the request for summary judgment can't be rebutted "`by the bald statement that an issue of fact does exist.'" id at page 455. Moller and Horton in Connecticut Practice, Volume 1 page 573 state, "The importance of this case lies in the court's refusal to find an issue of fact based on unsupported averments in (an) affidavit where there is testimonial evidence to the contrary."
The defendant is obviously offering Exhibit A and the fact that the plaintiff received compensation under the act as admissions. Admissions by the plaintiff can certainly permit the court to grant a motion for summary judgment by the defendant, Burns v. Hartford Hospital et al supra at pages 458-460.
The party against whom an admission is offered can explain the admission Kucza v. Stone, 155 Conn. 194, 198
(1967) and offer other evidence to rebut the admission Stitham v. LeWare, 134 Conn. 681, 684 (1948).
By way of explanation the plaintiff says he was faced with a "Hobson's choice" of taking the benefits or being precluded at some future time from doing so. Webster's Third New International Dictionary (unabridged) defines a Hobson's choice as:
 an apparent freedom to take or reject something offered when in actual fact no such freedom exists: an apparent freedom of choice where there is no real alternative.
Of course no "Hobson's choice" existed here. The plaintiff was not compelled to make a claim under the act and to CT Page 10659 admit without reservation that he was injured while in the course of employment. He certainly was not compelled to receive benefits under the act. There was no compulsion on either score since he could have always brought suit ab initio claiming as he does now that he was not injured during the course of employment.
Even beyond that, and as a separate reason to grant the defendant's motion, is the evidentiary state of the record before the court on the motion. From the facts properly before the court and the admissions (either or both) the defendant might be said to have made a prima facie showing that its motion should be granted. What has the plaintiff offered to the court to establish that there in fact exists an issue of material fact which would preclude the granting the defendant's motion? All that has been offered is the "bald statement" by the plaintiff in his affidavit that "questions of fact and/or facts exist as to (his) status at the time of the incident." It is true that the affidavit also states the plaintiff worked from 7 a.m. to 3:30 p.m. and that his fall on the company courts happened at 4 p.m., one half hour later. But that doesn't preclude a finding that an injury occurred to an employee in the course of employment, McNamara v. Hamden, 176 Conn. 547
(1979), if the activity was otherwise "incidental" to the employment, (see test at page 556). Thus despite the time of the injury either or both admissions offered by the plaintiff would allow the court to conclude that any injury here could be found to have been covered by the act. The plaintiff does not point to any of the factual considerations alluded to in McNamara which would indicate that those considerations coupled with the time of the incident raise a factual issue as to whether he was acting in the scope of employment when hurt. He merely asserts that he was not. That won't properly rebut the evidentiary weight of the admissions so that the motion for summary judgment must be granted.
Corradino, J. CT Page 10660