[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
The plaintiff seeks to recover for property damages and other costs associated with a collision which occurred on September 30, 1999 on Orchard Street in New Haven.
On that date, at about 11:15 p.m., his 1993 Nissan Sentra was legally parked at the curb on Orchard Street. The defendant was operating a motor vehicle on Orchard Street and collided with the plaintiff's vehicle and another parked vehicle.
The defendant's explanation for the occurrence was that he heard what he determined were gunshots and the collision occurred as he attempted to flee the area. He has interposed a special defense to the effect that he "was confronted with a sudden emergency and/or unavoidable accident not of his own making."
 DISCUSSION
It must be noted that the court did not hear from the defendant so there was no evidence as to what he did and why he did what he did.
And, the occurrence of a "sudden emergency" does not end the inquiry. The plaintiff's brief cites the standard in such cases as set forth by our Supreme Court in Oberempt v. Egri, 176 Conn. 652, 656 (1979):
 ". . . The emergency doctrine modifies the standard of reasonable conduct ordinarily expected of reasonable men and women by allowing the occurrence of a sudden or unexpected event to be taken into account as one of the circumstances determining what conduct is reasonable. Prosser, Torts (4th Ed. 1971) § 33, pp. 168-69. Restatement (Second), 1 Torts § 296 (1966). "In an emergency not due to his own negligence, one is not relieved of all obligations to exercise care but is required to exercise the care of an ordinarily prudent person acting in such an CT Page 2938 emergency. Degan v. Olson, 136 Conn. 171, 177, 69 A.2d 642; Puza v. Hamway, 123 Conn. 205, 213, 193 A. 776." Mei v. Alterman Transport Lines, Inc., 159 Conn. 307, 312, 268 A.2d 639 (1970). A person faced by such an emergency has some leeway when deciding rapidly between alternative courses of action. Id., 312. Vachon v. Ives, 150 Conn. 452, 455, 190 A.2d 601 (1963)."
The evidence before the court is that the defendant was traveling at the posted speed of 25 miles per hour and accelerated to 35 or 40 miles per hour at the sound of the gunshots. He then struck the plaintiff's car, parked at the curb.
The court would certainly concur that accelerating away from the scene could have been an appropriate response, but plowing into a parked car and disabling one's own car is hardly likely to promote one's safety.
The court does not find that the defendant "exercised the case of an ordinarily prudent person" in acting as he did. If he did not have the ability to operate his vehicle at 35 or 40 miles per hour without the accomplished result, he should not have done so. Nor can the defendant take refuge in the argument of his counsel that he "panicked." Such behavior would not seem to satisfy the legal test cited above.
It is the conclusion of the court that the defendant has not sustained his burden of proof on his special defense. On the other hand, the plaintiff has sustained his burden with respect to paragraph 5 of his complaint.
More particularly, he failed to have his vehicle under control, failed to alter its course to avoid the collision, was driving too fast in violation of Sections14-218 (a) of the General Statutes and was driving in a reckless and negligent manner.
 CONCLUSION
Judgment may enter for the plaintiff to recover of the defendant as follows:
 1993 Nissan Sentra, fair market value less engine salvage of $700 $4,100.00 Towing and storage $899.60 Car rental $919.67
CT Page 2939 $5,919.27
 Legal interest from October 30, 1999 to February 20, 2001 $724.77
$6,644.04
Anthony V. Demayo, Judge Trial Referee