## GERTRUDE GREEN *vs.* EMERSON L. STONE.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued March 4th—decided May 14th, 1936.

*Robert J. Woodruff* and *Philip R. Shiff,* for the appellant (plaintiff).

*Cyril Coleman,* with whom, on the brief, was *Lawrence A. Howard,* for the appellee (defendant).

BANKS, J. This action was before us on a previous occasion (*Green* v. *Stone,* 119 Conn. 300, 176 Atl. 123) when we found no error in the action of the trial court in setting aside a verdict of the jury in favor of the plaintiff. The plaintiff assigns error in the charge of the court, the failure to charge as requested, and in certain rulings upon evidence. At the opening of the trial, in response to a suggestion from the court, counsel for the plaintiff explained to the jury that, while the complaint was framed in two counts, there was no substantial difference between them. The only difference stated by counsel was that the first count alleged a breach of contract by reason of the defendant's negligence, while the second alleged negligence by the defendant in the course of his employment. The second count did allege, further, that the acts of which the plaintiff complained were done wilfully and wantonly. The court charged the jury that there was no claim made upon the trial that the acts of the defendant were done wilfully or wantonly, that, with the explanation given by counsel at the opening of the trial, they could assume that such claim had been abandoned, and that the case might be treated as a case

of ordinary negligence. The finding, by which the charge must be tested, and which is not subject to any material correction, shows that the evidence and claims of proof were addressed to a cause of action for negligence, the plaintiff in her requests to charge asked the court to charge that the first count alleged a breach of contract and the second negligence, and the court was entitled to submit the case to the jury upon the theory upon which it was tried and upon which counsel claimed that it should be tried.

The defendant is a specialist in obstetrics, and attended the plaintiff when she was delivered of a child in the New Haven hospital on August 4th, 1931. At the time of the delivery the defendant made an incision in the plaintiff's perineum to prevent the rupture of that tissue, which was sutured after the delivery. The plaintiff claimed that shortly after she left the hospital she noticed a pus discharge from the sutured holes and felt pain, that she immediately telephoned the defendant and reported these facts, and thereafter called him five or six times during the next two weeks but each time was told not to be alarmed and to wait for an examination six weeks after the delivery; that she was examined by the defendant on September 15th, when he told her that she was all right, and again on October 9th, and finally on November 7th, at which time he told her there was no assurance that she would ever be cured. She then went to Dr. Rand who found a sinus in the plaintiff's perineum which he treated. It did not yield to treatment, and on November 27th he operated, dissecting out the sinus. The infection still persisted and on April 21st, 1934, the plaintiff went to the hospital for a second operation. It then appeared that the sinus had developed into a fistula which was dissected out and the plaintiff rapidly recovered.

The defendant claimed that the plaintiff made no complaint of a pus discharge or of pain after leaving the hospital, and that he had no recollection that she had telephoned him then; that on September 14th he examined her and found a dimple at the bottom of the incision in the perineum, and on October 9th, when it was first discoverable, a superficial sinus in the perineum which he treated; that she returned on November 7th, but because of her hysterical condition further treatment was impossible. The defendant claimed that even if there was a sinus present before October 9th, when he first discovered and treated it, his failure to discover and treat it earlier was not the cause of the pain, suffering and expense resulting from the two operations which were necessary to effect the removal of the sinus and fistula for which she sought recovery in this action.

An examination of the record makes it evident that the basis of the claim presented at the trial was that due care on the part of the defendant required that he immediately investigate the complaints which she claimed to have made to him shortly after her return from the hospital, and that if he had done so he would have discovered the small superficial sinus which could then have been cured if treated promptly; and it nowhere appears that the plaintiff claimed a recovery for any negligent conduct on the part of the defendant other than his failure to make such an investigation upon receiving complaints from her, and to accord her proper treatment thereafter. Whether the plaintiff made any such complaints was a sharply contested issue in the case, and the court did not err in charging the jury that if they believed no such complaints were made that was the end of the case, and their verdict should be for the defendant.

Upon the former appeal we held that the duty rested

upon the plaintiff to prove that earlier treatment of the case would with reasonable probability have aided the patient, and that, since the testimony went no further than to indicate that earlier treatment might have been beneficial, the jury were left to speculation as to whether the conduct of the defendant was the cause of the plaintiff's subsequent condition, and the trial court did not err in setting aside the verdict in her favor.

The court told the jury that, according to all the medical experts except Dr. Spier, if the defendant had treated the plaintiff either by applying dressings saturated with a mild antiseptic solution, or advised her to wear a sanitary napkin and keep clean, he would have fulfilled his duty, and since it appeared that she did wear a sanitary napkin and presumably kept herself clean as the normal or reasonable woman does, therefore, unless the jury believed Dr. Spier and adopted his testimony, it was immaterial that the defendant did not see the plaintiff until six weeks after her delivery, and their verdict in that event should be for the defendant. The plaintiff attacks this portion of the charge upon the ground that it is based upon a false assumption as to the evidence of the experts other than Dr. Spier, and attempts to support this position by reference to the evidence which is printed in connection with the motion to correct the finding. The finding, to which alone resort may be had in testing the charge, supports these statements in the charge, and in turn is supported by the evidence. The court did not err in this portion of the charge.

Dr. Spier, an expert witness called by the plaintiff upon both trials, testified upon the first trial that no one could tell whether the recognized treatment of a sinus, if earlier applied, would have cleared up the plaintiff's condition. Upon the second trial he changed his opinion, and testified that the sinus could probably

have been cured if treated promptly. The court in its charge pointedly commented upon this change of opinion, and stated that it was the claim of the defendant that all of the other medical experts, including Dr. Rand who was called by the plaintiff, had testified that even if prompt treatment had been given when the alleged telephone calls were made it was still a matter of speculation whether the plaintiff's condition would have cleared up. It also told the jury that had Dr. Spier not changed the opinion he expressed at the first trial, and had testified as he then did, it would have been the duty of the court to direct a verdict in favor of the defendant. The plaintiff takes exception to these portions of the charge in which the court comments upon the testimony of Dr. Spier and his change of opinion since the first trial, and contends that the court thereby conveyed and intended to convey to the jury its lack of confidence in his testimony, and that this was unjustified and highly prejudicial to the plaintiff. That Dr. Spier did express an opinion contrary to that he gave at the first trial is not questioned, and the finding makes it abundantly clear that, except for his testimony, the evidence, as upon the first trial, went no further than to indicate that, while earlier treatment might have been beneficial, it was a matter of speculation as to whether the failure to give it was the cause of the plaintiff's subsequent condition. This was a vital question in the case and it was within the province of the court to point out its importance and to specifically call to the attention of the jury the change in the testimony of Dr. Spier as affecting the weight which they should give to his changed opinion. See *Bredow* v. *Woll*, 111 Conn. 261, 263, 149 Atl. 772. The court did tell the jury that if, in spite of his change of opinion since the last trial, they believed him, and felt that upon his testimony they could find

the defendant negligent, their verdict should be for the plaintiff.

The court in its charge called attention to the fact that the original complaint alleged that the plaintiff's complaints were of pain and a discharge of pus from the vagina, that it was amended to allege complaints of pain and a discharge of pus from the perineum, and pointed out that it was possible to reconcile the defendant's story with the original complaint, but that her change of claim would facilitate the proof of her present claim that her physical condition was so apparent that with the exercise of due care the defendant should have ascertained it. This was within the limits of fair comment by the court.

The plaintiff requested the court to charge, in substance, that, although a doctor is ordinarily not responsible for an error of judgment, he cannot adopt a course of treatment which would be a breach of his duty to use due care and, even though he has used his best judgment, he may still be found guilty of malpractice if he has failed to perform one of the duties which he owes to his patient. The plaintiff complains of the failure of the court to charge in the language of this request and of its statement in a single sentence of the charge that a doctor is not liable for a bona fide error in judgment, and says that the jury may well have obtained the impression from the charge that the defendant could under no circumstances be held responsible for an error of judgment so long as it was bona fide. The court repeatedly charged the jury that it was the duty of the defendant to exercise the care and skill required of a specialist in the field of obstetrics, and the charge made it abundantly clear that he would be absolved from a bona fide error in judgment only in case he exercised such care and skill.

Other criticisms of the charge do not merit discus-

sion, and, so far as the plaintiff's other requests to charge contained correct propositions of law applicable to the issues and facts of the case, they were sufficiently covered by the charge as given, or were not such that a failure to give them constitutes reversible error.

Both of the rulings on evidence to which exception was taken were clearly correct.

There is no error.

In this opinion the other judges concurred.