RALPH MEGIN *v.* JAMES CARNEY

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued December 8, 1960—decided January 31, 1961

*Alexander Winnick,* for the appellant (plaintiff).

*Ralph C. Dixon,* with whom was *Raymond B. Green,* for the appellee (defendant).

MURPHY, J. The plaintiff has appealed from a judgment rendered upon a verdict for the defendant in an action of malpractice. Four of the assignments of error have been briefed and argued. Three of

them concern claimed errors in the charge to the jury. The fourth pertains to a ruling upon evidence. Other assignments of error are treated as abandoned. *State* v. *Ferraiuolo,* 145 Conn. 458, 459, 144 A.2d 41.

In his request for a finding, the plaintiff did not state distinctly, in accordance with our rules and practice, the questions of law which he desired to have reviewed, but instead questioned whether the court erred in charging the jury as stated in 133 paragraphs of the draft finding, and whether it erred in one ruling on evidence. The part of the draft finding referred to contained the entire charge. The trial court, in wisely exercising discretion, refrained from including the entire charge in the finding, but even the elimination of those portions which could not possibly furnish any reason for appeal did not materially lessen the needless burden which was imposed upon the court. The result was a finding in which forty-one paragraphs are devoted to the charge. In his assignments of error, the plaintiff states that the court erred in thirty-four of these paragraphs. In his brief, he culls out a sentence in each of two paragraphs of the charge, and two words in another paragraph, as being erroneous. As a result of the manner in which the plaintiff has processed his appeal, the finding is unnecessarily long and contains considerable matter irrelevant either to the three portions of the charge attacked or to the ruling on evidence. In *Maggi* v. *Mendillo,* 147 Conn. 663, 668, 165 A.2d 603, we criticized and condemned a similar practice. Had the appellee in the instant case, the defendant, pressed the point in his brief, we would have been constrained to disregard the claimed errors in the charge.

The two separate sentences which are claimed to

be erroneous occur in two successive paragraphs of the charge. As the first sentence of the first of these two paragraphs, the court said: "Even the fact that the unfortunate result might have been avoided does not render a dentist liable, provided he used due care, skill and diligence of a dentist generally in the same community." As the final sentence of the following paragraph, it said: "A dentist who is unable or unwilling to assume or continue the treatment of a case, and recommends another dentist is not liable for injuries resulting from the latter's want of skill or care, unless he did not exercise due care in making the recommendation or substitution." Each of the quoted sentences relates to the standard of care required of a dentist in the treatment and aftercare of a patient whose tooth is extracted. In the charge preceding these two paragraphs, the court had thrice stated correctly the rule governing the measure of duty owed by the defendant to the plaintiff. After the two paragraphs, the court again reiterated the rule three more times. A charge must be read and considered in its entirety; *Salvatore* v. *Hayden,* 144 Conn. 437, 442, 133 A.2d 622; and not by critical examination of isolated words, phrases and passages culled from context. *Virelli* v. *Benhattie, Inc.,* 146 Conn. 203, 210, 148 A.2d 760. There is no merit to the claim that the two sentences could have misled or confused the jury. Furthermore, as regards the claim made by the plaintiff in his brief that the second of the above-quoted sentences in the charge was objectionable because it might have been prejudicial to him on the issue of the abandonment of him as a patient by the defendant, we observe that the complaint did not allege abandonment. The issue, therefore, was not in the case.

Error is claimed also because the court told the

jury that if "the plaintiff should prove the defendant negligent in one or more ways alleged in the complaint, and failed to prove that such lack of proper care and skill was a material or essential cause of the injuries, and it appears that they arose from some other cause to which such lack of skill and care of the defendant did not contribute as a substantial factor, the plaintiff would not be entitled to a verdict." In using the words "material" and "essential," the court did not commit reversible error. Prior to this passage, the court had stated that "the best possible definition of proximate cause is that an act or failure to act which is a substantial factor in producing a result is a proximate cause of that result." In three other parts of the charge, both before and after the challenged passage, the court recited the correct definition of proximate cause. The charge, considered as a whole, met the test by which it must be measured. *Borsoi* v. *Sparico,* 141 Conn. 366, 370, 106 A.2d 170. There is nothing to indicate that the jury were likely to have been misled by the language used.

The disputed ruling on evidence occurred during the redirect examination of one of the plaintiff's medical witnesses who was asked whether, in accordance with his conception of the standard of care in the community, there would be a duty on the first doctor who attended a patient to do certain things. Objection to the question was sustained. Neither the grounds on which the objection was based nor the grounds on which the question was claimed were stated by counsel, as is required by Practice Book § 155. The record and the finding do not include, as required by Practice Book § 405, the preliminary facts necessary for understanding the relevancy or materiality of the evidence to which ob-

jection was made. Since the plaintiff did not state the grounds on which he claimed the evidence to be admissible, the ruling is not reversible. *Casalo* v. *Claro,* 147 Conn. 625, 630, 165 A.2d 153.

There is no error.

In this opinion the other judges concurred.