MILDRED MOSELEY ET AL. *v.* GRANT HAMILTON ET AL.
(2451)

DUPONT, Acting C.P.J., HULL and SPALLONE, Js.

Argued October 2—decision released November 13, 1984

*Joseph F. Keefe,* with whom, on the brief, was *Marcia J. Speziale,* for the appellants (plaintiffs).

*Christopher D. Bernard,* for the appellee (named defendant).

*Thomas L. Brayton,* for the appellee (defendant Brian Farrell).

PER CURIAM. This is a negligence action in which the plaintiffs seek compensation from the defendants for damage to realty and personalty caused by fire.[1] After a trial, the jury returned a general verdict for the defendants. The plaintiffs appeal[2] from the adverse judgment which followed the trial court's denial of their motion to set aside the verdict and to render judgment for them.

The plaintiffs claim that the trial court erred in giving an instruction to the jury on the doctrine of intervening cause and in its instructions on the foreseeability of harm to the plaintiffs.

[1] The plaintiffs are the owners of a home which was leased to the parents of the defendant Grant Hamilton. The other defendant, Brian Farrell, is a friend of Grant Hamilton. Both were minors on the date of the alleged negligence. The action was withdrawn as to a third defendant, and a summary judgment was rendered in favor of the parents of Grant Hamilton.

[2] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

Despite conflicting testimony, the jury could have reasonably found certain facts. These are that the defendant Grant Hamilton, on the day before the fire, purchased fireworks in another state and transported them to his home in Connecticut, that the defendant Brian Farrell lit a firework in Grant Hamilton's bedroom[3] to the surprise of Hamilton, and that the remnants of the firework were extinguished.

The first claim of the plaintiffs is that the trial court erred in charging the jury that "[t]he defendants claim, as I understand it, that the discharge of the fireworks was . . . an intervening cause between the bringing of them here in violation of the statute, if you find that there was a violation, and the fire."[4] The plaintiffs do not claim that the trial court misstated the law on intervening cause but, rather, they contend that the pleadings and evidence did not warrant any instruction on the doctrine.

One of the allegations of the plaintiff's complaint was that "the defendant, Grant Hamilton, possessed fireworks and brought them to Connecticut from out of state, in violation of Section 29-97 of the Connecticut General Statutes."[5] A theory on which the plaintiffs presented their case was that the violation of the statute by Grant Hamilton was negligence and the proximate cause of the fire. Whether the act of one defendant is an intervening cause of a fireworks explosion where another defendant admittedly transported fireworks in violation of a statute is a question of fact for a jury. *Angier* v. *Barton,* 160 Conn. 204, 210, 276 A.2d 782 (1970). The proximate cause of a plaintiff's harm is a jury question. *Tetro* v. *Stratford,* 189 Conn. 601, 605, 458 A.2d 5 (1983). The defendant Grant

---

[3] The plaintiffs' brief on page three states as a fact that the defendant Brian Farrell lit a firework which went under Grant Hamilton's bed.

[4] This instruction applies only to the defendant Grant Hamilton.

[5] General Statutes (Rev. to 1981) § 29-97 is now § 29-357.

Hamilton admitted that he had transported fireworks into the state. There were other facts from which the jury could conclude that the other defendant, Brian Farrell, unexpectedly lit a firework, and it was for the jury to decide whether the action of the latter defendant was an intervening cause of the harm to the plaintiffs. The instruction of the court to the jury was proper.

The second claim of error of the plaintiffs is that the court instructed the jury that there was a foreseeability requirement for the jury to consider in its determination of proximate cause. The portion of the charge to which the plaintiffs excepted,[6] however, relates not to proximate cause but to the existence of a duty to use reasonable care. The plaintiffs have culled an isolated passage from the charge and subjected it to their criticism. An appellate court should review a charge of a trial court as a whole in order to determine if the case was fairly presented to the jury so as to avoid injustice and should not review single segments of the charge in isolation from the whole. *Van Steensburg* v. *Lawrence & Memorial Hospitals,* 194 Conn. 500, 507, 481 A.2d 750 (1984). The trial court's statement of law concerning the test to be applied in determining the existence of a duty to use reasonable care was legally correct. *Frankovitch* v. *Burton,* 185 Conn. 14, 20–21, 440 A.2d 254. (1981).

There is no error.

---

[6] The plaintiffs excepted to the following portion of the charge: "The test which you should apply is this: Would the ordinary, reasonably prudent child of similar age, judgment and experience, being in the same position of the defendant, knowing what they knew or should have known, have anticipated that harm of the general nature as that suffered by the plaintiff was likely to result unless reasonable care was used." The sentence immediately preceding this portion of the charge was: "The ultimate test of the existence of a duty to use reasonable care is to be found in the foreseeability that harm may result if that care is not exercised. By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable."