## SANDRA W. SLEAVIN *v.* GREENWICH GYNECOLOGY AND OBSTETRICS, P.C., ET AL.
### (3545)

HULL, BORDEN and DALY, Js.

Argued December 12, 1985—decision released March 4, 1986

*David W. Skolnick,* with whom, on the brief, was *Andrew R. Lubin,* for the appellant (plaintiff).

*Ronald D. Williams,* for the appellees (defendants).

HULL, J. This medical malpractice case involves the narrow issue of whether the court's charge to the jury that a doctor is not liable for a bona fide error in judgment was erroneous in the context in which it was given and, if so, whether such an error was harmless in light of the charge as a whole. We concur with the reasoning of *Logan* v. *Greenwich Hospital Assn.,* 191 Conn. 282, 299, 465 A.2d 294 (1983), that the giving of such a charge is error. We conclude, however, that in view of the whole charge and the exact circumstances under which the charge was given, the error was harmless.

The plaintiff brought suit alleging that the defendant, Robert E. Hardy, a physician acting as agent and

employee of the named defendant, negligently performed a Caesarean delivery, causing her certain injuries and losses.[1] After a trial to a jury, a verdict was returned for the defendants. The plaintiff's motion to set aside the verdict was denied and she appeals. The plaintiff claims three bases of error: (1) the court erred by charging the jury with respect to the defendants' liability for errors in judgment; (2) the court erred by failing to charge the jury as to a doctor's liability for errors in judgment in accordance with the plaintiff's request to charge; and (3) the court erred by requiring the jury to choose between conflicting principles of law relative to a doctor's liability for errors in judgment. It is obvious that these three issues essentially boil down to one: Whether giving the "bona fide error in judgment" charge constituted reversible error.

The underlying facts are not in dispute. In September, 1974, the defendant Robert E. Hardy, a licensed physician specializing in obstetrics and gynecology, was working as an agent of the defendant Greenwich Gynecology and Obstetrics, P.C. Hardy undertook the management of the plaintiff's pregnancy. Immediately after the plaintiff's Caesarean delivery on May 25, 1975, the plaintiff complained of pain in her abdomen. The plaintiff was admitted to Greenwich Hospital several times where various medical procedures were performed. The plaintiff experienced a variety of complications which necessitated a hysterectomy and the removal of both ovaries and tubes. The plaintiff's main claim was that Hardy failed to provide proper postoperative management and thereby caused her injuries and disabilities.

Two experts testified on the plaintiff's behalf stating that her damages were caused by Hardy's failure to conform to the proper standard of care. The defend-

---

[1] Since the liability of the named defendant is vicarious only, we shall refer throughout to the defendant Hardy separately.

ants' experts testified that the Caesarean section was properly performed and that Hardy's conduct was within the accepted standard of care.

During the course of the trial, Hardy discussed the issue of a physician's "judgment" in response to a number of questions asked of him. He stated, in part, as follows: "There was no indication from my judgment that the patient had any more infection. . . . [I]f the physician feels that the patient has been treated adequately and there are no signs of infection, [antibiotics] should be stopped . . . ." Later, Hardy stated as follows: "Now, as a doctor making a judgment as to what to do in this decision, my decision was reached on the basis of my clinical acumen, my judgment as to whether the patient was better, what her clinical findings and signs were, and I felt that it was in the best interest of the patient to discontinue the antibiotics at this time." Thus the, "error of judgment" defense was central to Hardy's case.

Before the completion of the trial, the plaintiff, citing *Logan* v. *Greenwich Hospital Assn.,* supra, as authority, submitted the following request to charge: "The central issue in a negligence case such as this is whether the defendant Robert E. Hardy deviated from the required standard of reasonable care expected of a physician in his care and treatment of the plaintiff, not his mental state at the time of the conduct which constitutes the deviation." The plaintiff also asked the court to charge that errors of judgment constitute negligence if they result from the failure to use reasonable care. Despite the plaintiff's requests, the trial court charged the jury that a doctor under certain circumstances may not be liable for errors in judgment. In so doing, the court stated as follows: "He is *not liable for a bona fide error in judgment* provided he concludes as best he can and does what he thinks best after careful examination and acts in good faith subject to

the rules of care, skill and diligence as I have defined that to you." (Emphasis added.) Later, the court stated: *"He is not to be judged by the result, nor is he necessarily to be held liable for an error in judgment."* (Emphasis added.)

"However, the fact that he may have acted to the best of his ability will not avoid legal liability for damages resulting from substandard treatment. An obstetrician/gynecologist cannot adopt a course of treatment which would be a breach of his duty to use due care. And even though he has used his best judgment he still may be found guilty of malpractice if he has failed to perform one of the duties which he owed to the patient.

*"The rule that an obstetrician/gynecologist is not liable for a mistake of judgment is not ironclad* but rather it exempts the doctor from liability only where there is reasonable doubt as to the nature of the physical condition involved or as to the proper course to be followed or where good judgment may differ. Errors in judgment which accrue with the best of intentions may constitute negligence if they result from a failure to use reasonable care." (Emphasis added.) The plaintiff duly excepted to these portions of the charge.

We note first the framework within which we test the charge. "The primary function of the charge to the jury is to assist them in applying the law correctly to the facts which they find to be established. *Magnon* v. *Glickman,* 185 Conn. 234, 244, 440 A.2d 909 (1981). ' "A charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding them to a correct verdict in the case." *Amato* v. *Desenti,* 117 Conn. 612, 617, 169 A. 611 (1933).' *Matthews* v. *F.M.C. Corporation,* 190 Conn. 700, 704, 462 A.2d 376 (1983). 'The test is whether the charge as a whole fairly presented

the case to the jury so that no injustice was done.' *Magnon* v. *Glickman,* supra, 245. The charge will ordinarily be sustained if it meets this test, although it may not be exhaustive, perfect or technically accurate. *Castaldo* v. *D'Eramo,* 140 Conn. 88, 94, 98 A.2d 664 (1953)." *Farley* v. *T.R.W., Inc.,* 4 Conn. App. 191, 193–94, 493 A.2d 268 (1985).

In *Logan* v. *Greenwich Hospital Assn.,* supra, our Supreme Court faced a similar challenge to a trial court's charge concerning errors in judgment.[2] In responding to the claim of error, our Supreme Court reviewed the history of the "bona fide error in judgment" charge: "The apparent source of the [errors in judgment] language was a passage in *Green* v. *Stone,* 121 Conn. 324, 330, 185 A. 72 (1936), as follows: 'The plaintiff complains of the failure of the court to charge in the language of this request and of its statement in a single sentence of the charge that a doctor is not liable for a bona fide error in judgment, and says that the jury may well have obtained the impression from the charge that the defendant could under no circumstances be held responsible for an error of judgment so long as it was bona fide. The court repeatedly charged the jury that it was the duty of the defendant to exercise the care and skill required of a specialist in the field of obstetrics, and the charge made it abundantly clear that he would be absolved from a bona fide

---

[2] The portion of the charge at issue in *Logan* was as follows: " 'The part I left out is that he is not liable for a bona fide error in judgment provided he concludes, as best he can, and does what he thinks best, after a careful examination, and acts in good faith subject to the rule of care, skill and diligence such as I have defined it to you. If he exercises reasonable care, skill and diligence the fact that a result has not been as favorable as hoped for by the plaintiff or the physicians themselves raises no presumption of want of proper care or skill. In other words, if the physicians use skill, care and diligence they are not to be held liable if a bad result occurs. Failure in a procedure, bad results or injuries, as in this case, does not by itself raise any presumption of such want of skill or care.' " *Logan* v. *Greenwich Hospital Assn.,* 191 Conn. 282, 298 n.6, 465 A.2d 294 (1983).

error in judgment only in case he exercised such care and skill.' We do not construe *Green* as approving the reference to 'a bona fide error in judgment,' but as concluding that it did not sufficiently distort the general purport of the charge to constitute reversible error. A similar charge was also sustained in *Levett* v. *Etkind,* 158 Conn. 567, 576, 265 A.2d 70 (1969), although it is not clear that the portion pertaining to a 'bona fide error in judgment' was under attack." *Logan* v. *Greenwich Hospital Assn.,* supra, 298–99. The court then stated as follows: "[T]o use such a phrase in a charge upon negligence serves only to confuse a jury by implying that only an error in judgment made in bad faith can be actionable. The central issue in the ordinary negligence case is whether the defendant has deviated from the required standard of reasonable care, not his mental state at the time of the conduct which constitutes the deviation. 'Negligence is conduct which creates an undue risk of harm to others.' 2 Restatement (Second), Torts § 463, comment b; *Hoelter* v. *Mohawk Service, Inc.,* 170 Conn. 495, 501, 365 A.2d 1064 (1976). Errors in judgment which occur with the best intentions constitute negligence if they result from a failure to use reasonable care." *Logan* v. *Greenwich Hospital Assn.,* supra, 299.[3]

The defendant argues conversely that the Supreme Court's pronouncements on this subject are dictum. While this is undoubtedly true, it does not diminish the persuasiveness of the legal proposition stated. There is weak dictum and strong dictum. Our Supreme Court has acknowledged that dictum is not binding because it is made "with no intent to lay down in positive form a rule of law." *Sharkiewicz* v. *Smith,* 142 Conn. 410, 412, 114 A.2d 691 (1955). We construe the Supreme

---

[3] The Supreme Court did not determine whether the inclusion of the errors in judgment language constituted reversible error because the plaintiff had not properly preserved the claim.

Court's language in *Logan,* however, as clearly having an "intent to lay down in positive form a rule of law." We concur with its analyses in *Green* v. *Stone,* supra, in *Logan* v. *Greenwich Hospital Assn.,* supra, and in *Levett* v. *Etkind,*[4] supra. We read *Logan* as stating that the "error in judgment" charge never did have clear judicial sanction in Connecticut and does not now have such sanction. Lest the charge linger on life support systems, we now declare that giving such a charge is likely to confuse the jury and therefore is error.[5]

[4] The Supreme Court's sweeping aside of the "error in judgment rule" in *Green* is more readily apparent than the similar treatment of *Levett.* In *Levett,* the court stated: "The plaintiff also excepted to the court's charge that the law does not expect from a physician the utmost degree of care or skill known or obtainable to the profession and that if a physician exercises the degree of care, skill and diligence required by the law, as defined by the court, he is not liable for a bona fide error in judgment. The plaintiff claims that the jury should have been instructed as in an ordinary negligence case that, where the danger is great, reasonable care may demand a very high degree of care. On the claims of proof, such an instruction was not required. There is no merit to either of these claims. *The instruction of the court on this matter as given by the trial court has been approved many times by this court, and it was applicable to the claims of proof in this case. Marchlewski* v. *Casella,* 141 Conn. 377, 380, 106 A.2d 466 [1954]." (Emphasis added.) *Levett* v. *Etkind,* 158 Conn. 567, 576, 265 A.2d 70 (1969).

A quick reading of the emphasized language may lead one to believe that the court was specifically approving the "error in judgment" charge. When one looks at the quotation in context, however, it is clear that this portion of the charge was not under attack. The portion of the charge challenged by the plaintiff was the omission of a charge that when the danger is great, reasonable care may demand a very high degree of care. Additionally, reference to the *Marchlewski* case, cited by the court, shows beyond any doubt that the language concerning the instruction "on this matter" having been "approved many times by this court," referred to the omission from the charge of the language that "where the danger is great, reasonable care may demand a very high degree of care" and not to the "error in judgment" language.

[5] For another example of the lingering death of a much more ancient legal concept, see the administration of the legal last rites to scire facias. *Vidal Realtors of Westport, Inc.* v. *Harry Bennett & Associates, Inc.,* 1 Conn. App. 291, 293–96, 471 A.2d 658, cert. denied, 192 Conn. 804, 472 A.2d 1284 (1984).

We note that the first of the three sections of the "error in judgment" charges challenged by the plaintiff was given in the identical language under analysis in *Logan* v. *Greenwich Hospital Assn.*, supra. Thus, we find the court's charge in this case to be erroneous.

Our task does not end, however, with a determination that the charge was in error. We must now consider, in the light of the charge as a whole, whether the giving of this charge and the failure to give the charges requested by the plaintiff were harmful error. *Farley* v. *T.R.W., Inc.*, supra. A careful review of the charge[6] to the jury reveals that the "error in judgment" language did not significantly put out of line the general thrust of the charge concerning the failure to use reasonable care. We note in this regard that each time the court used the challenged language, it used it in

---

[6] The following excerpts from the charge are illustrative: "Now, negligence on the part of a doctor is the failure to exercise that degree of reasonable and ordinary care, diligence and skill in the diagnosis and treatment of his patient that is ordinarily possessed and exercised by obstetricians and gynecologists who are engaged in the same line of practice throughout the nation and in similar cases and during the same period of time. . . .

"The plaintiff cannot make a recovery in this case before you unless there is medical or expert testimony that . . . the Greenwich Gynecology and Obstetrics, P.C. and Dr. Hardy, failed to exercise that degree of reasonable and ordinary care, diligence and skill in the diagnosis and treatment of this plaintiff, Sandra Sleavin, such as is ordinarily possessed and exercised by obstetricians and gynecologists in this nation. . . .

"The duty of an obstetrician and gynecologist is in general in the treatment of a patient is this: to exercise reasonable skill and diligence in the treatment of the patient. . . .

"[T]he defendants are by this rule bound to use that same degree of care, skill and knowledge which is employed throughout this nation . . . .

"[B]efore the plaintiff can recover a verdict against the defendants here the plaintiff must establish by expert testimony first that the defendants failed to exercise the care, skill and diligence ordinarily had and exercised by doctors engaged in the special practice of obstetrics and gynecology in this nation . . . .

"A physician is under a duty to his patient to exercise that degree of care, skill and diligence which physicians in the same general line of practice ordinarily possess and exercise in similar cases."

conjunction with clear accompanying language which emphasized that the ultimate test was a failure to use reasonable care. The court at no time charged the jury only as to the "error in judgment" rule without using the reasonable care test alongside. Additionally, the court repeatedly instructed the jury to determine if Hardy's conduct, and not his mental state, deviated from the standard of reasonable care.[7]

Reviewing the charge of the court as a whole, we determine that the case was fairly presented to the jury to avoid confusion. The erroneous bona fide error instructions, when read in context, could not have misled or confused the jury. *Megin* v. *Carney,* 148 Conn. 130, 133, 167 A.2d 855 (1961). We do not review single segments of the charge in isolation of the whole. *Moseley* v. *Hamilton,* 2 Conn. App. 680, 682, 483 A.2d 613 (1984). We do not critically dissect the charge to the jury for the purpose of discovering possible inaccuracies of statement. Rather, we consider the charge's probable effect in guiding a jury to a correct verdict in the case. *Matthews* v. *F.M.C. Corporation,* 190 Conn. 700, 704, 462 A.2d 376 (1983). Considered under these standards, the challenged instructions, though erroneous, were not harmful.

The claimed failure to give the requested charges is merely the other side of the coin, and the third claim

___

[7] The significance of the repeated statement of the correct rule is emphasized in *Megin* v. *Carney,* 148 Conn. 130, 133, 167 A.2d 855 (1961), wherein our Supreme Court stated: "In the charge preceding these two paragraphs, the court had thrice stated correctly the rule governing the measure of duty owed by the defendant to the plaintiff. After the two paragraphs, the court again reiterated the rule three more times. A charge must be read and considered in its entirety; *Salvatore* v. *Hayden,* 144 Conn. 437, 442, 133 A.2d 622 [1957]; and not by critical examination of isolated words, phrases and passages culled from context. *Virelli* v. *Benhattie, Inc.,* 146 Conn. 203, 210, 148 A.2d 760 [1959]. There is no merit to the claim that the two sentences could have misled or confused the jury."

of error is just another way of restating the first two claimed errors.

There is no error.

In this opinion the other judges concurred.