DOUGLAS BROWN, ADMINISTRATOR (ESTATE OF GREGORY BROWN) *v.* BOARD OF EDUCATION OF THE CITY OF MILFORD ET AL.
(14310)

O'Connell, Landau and Heiman, Js.

Argued April 16—officially released September 3, 1996

*Penn Rhodeen,* for the appellant (plaintiff).

*Ronald D. Williams, Sr.,* with whom were *Ronald D. Williams, Jr.,* and, on the brief, *Michael C. Deakin,* for the appellees (defendants).

O'CONNELL, J. Douglas Brown, the plaintiff administrator of Gregory Brown's estate, appeals from a judgment for the defendants, the Milford board of education, Robert Cummings, Patrick Manley and Barbara Cushnie.[1] The plaintiff claims that the trial court improperly instructed the jury on intervening cause without sufficient evidence. We affirm the judgment of the trial court.[2]

The jury could have reasonably found the following facts. The plaintiff, Gregory's father, brought this action on behalf of his decedent son's estate claiming that the defendants' acts and omissions, including their failure to address Gregory's academic deficiencies, caused him great emotional distress that culminated in his suicide.

On the day of Gregory's suicide, the Milford police department received an emergency telephone call claiming that someone at Gregory's address was in danger of committing suicide. Officers were dispatched to Gregory's house to investigate. Upon arriving at the house and finding Gregory alone, the police questioned

---

[1] At the time of the action, Robert Cummings was the principal of Gregory's school. Patrick Manley was the acting principal and one of Gregory's teachers. Barbara Cushnie was also one of Gregory's teachers.

[2] This court requested that the parties argue whether the general verdict rule is implicated in this case. We are satisfied that the general verdict rule does not apply here. *Curry* v. *Burns,* 225 Conn. 782, 801, 626 A.2d 719 (1993).

him about the call and conducted a cursory search for weapons. Having found none, the officers left Gregory with instructions for his parents to telephone the department. Approximately one hour after the police left, Gregory fatally shot himself.

The plaintiff first claims that the trial court improperly instructed the jury on the police department's intervening negligence.[3] The plaintiff does not dispute the accuracy of the court's instruction, but instead claims that there was insufficient evidence to support the giving of the instruction.

The trial court has a duty to submit to the jury all issues outlined by the pleadings and reasonably supported by the evidence. *Goodmaster* v. *Hauser*, 225 Conn. 637, 648, 625 A.2d 1366 (1993). "The proximate cause of [the decedent's] harm is a jury question." *Moseley* v. *Hamilton*, 2 Conn. App. 680, 681, 483 A.2d 613 (1984). Whether the actions of the police are the proximate cause of the suicide is therefore a question of fact for the jury. Id.; see also *Tetro* v. *Stratford*, 189 Conn. 601, 605, 458 A.2d 5 (1983).

The defendants contend that the proximate cause of Gregory's death was the Milford police department's negligence in responding to the emergency call. In support of that contention, the defendants introduced into evidence the plaintiff's complaint in a separate civil action brought by the plaintiff against the Milford police

---

[3] The plaintiff relies on a distinction between active and passive negligence in presenting the claim that the evidence was insufficient to warrant an instruction on intervening causation. In so doing, the plaintiff specifically contends that the passive negligence of the police could not supersede or "cut-off" the defendants' active negligence. Connecticut case law, however, does not support this distinction. See *Kiniry* v. *Danbury Hospital*, 183 Conn. 448, 439 A.2d 408 (1981). Furthermore, we conclude that the conduct associated with the police investigation in this case, e.g., the search of Gregory's house and the interview with Gregory, constituted active not passive conduct.

department and the individual officers responsible for investigating the emergency telephone call. The defendants also offered the testimony and reports of the two officers who responded to and investigated the emergency call. Thus, there was clearly sufficient evidence presented from which the jury could have reasonably concluded that the Milford police department's negligence was an intervening cause of Gregory's death. We therefore conclude that the trial court properly instructed the jury on the law of intervening causation.[4]

As an underlying issue, the plaintiff claims that under the circumstances of this case, the trial court should have also instructed the jury that the failure of the police to protect Gregory from the peril created by the defendants would not relieve the defendants of liability.

"The function of the doctrine [of intervening causation] is to define the circumstances under which responsibility may be shifted entirely from the shoulders of one person, who is determined to be negligent, to the shoulders of another person, who may also be determined to be negligent . . . ." *D'Arcy* v. *Shugrue*, 5 Conn. App. 12, 24, 496 A.2d 967, cert. denied, 197 Conn. 817, 500 A.2d 1336 (1985). "If [the Milford police department's] negligence is determined to be a superseding cause of the plaintiff's injury, that negligence, rather than the negligence of the [defendants], is said to be the sole proximate cause of the injury." Id.; *Virelli* v. *Benhattie, Inc.*, 146 Conn. 203, 209, 148 A.2d 760 (1959).

We have already concluded that the trial court properly instructed the jury on intervening negligence. Thus, a subsequent instruction that "the failure of the police to protect the plaintiff's decedent from a peril created

[1] The parties have used the terms "intervening" and "superseding" interchangeably. For purposes of this opinion, we will not distinguish between them. See *D'Arcy* v. *Shugrue*, 5 Conn. App. 12, 24, 496 A.2d 967, cert. denied, 197 Conn. 817, 500 A.2d 1336 (1985).

by the defendants would not relieve the defendants of liability" would be inconsistent with the intervening causation instruction properly given in this case. We therefore conclude that the trial court properly refused to give such an instruction.

The plaintiff next argues that the police negligence was merely concurrent with, and does not supersede, the defendants' negligence. The claim on appeal, as presented to us in the statement of issues, is limited to whether there was sufficient evidence before the trial court to warrant an intervening causation instruction. Whether the trial court improperly failed to instruct on concurrent causation is not properly before us because the plaintiff did not present this claim in the statement of issues in accordance with Practice Book § 4065 and instead argued it for the first time in the reply brief. "It is a well established principle that arguments cannot be raised for the first time in a reply brief." *Williams Ford, Inc.* v. *Hartford Courant Co.*, 232 Conn. 559, 593 n.26, 657 A.2d 212 (1995). We therefore decline to consider it.

The judgment is affirmed.

In this opinion the other judges concurred.